HENDRICKSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 36. Argued October 31, 1973.—Decided November 27, 1973.*
(Also reported in 212 N. W. 2d 481.)

For the plaintiff in error there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. "A greater latitude of proof as to other like occurrences is allowed in cases of sexual crimes." This was said by this court in a rape case.[1] In that case this court held admissible testimony as to an earlier incident in which the defendant had gone to the room where the complaining witness and another girl were sleeping and gotten into bed with them. This court termed such earlier incident "a grossly indecent assault on both."[2]

Such greater latitude of proof as to other like occurrences is evident in other Wisconsin cases. In an assault to commit rape, where the trial court admitted testimony of the little girl involved as to the accused taking indecent liberties with her person a short time prior to the time in question, this court held: "Such evidence was clearly admissible, *as tending to prove the motive and intent* of the accused in doing the acts complained of. . . ."[3] (Emphasis supplied.) In a statutory rape case, where the trial court admitted evidence of violations of the girl by the accused other than the particular one for which he was on trial, this court held: ". . . it was proper to permit proof of other violations of her by the accused, than the one for which he was on

---

[1] *Proper v. State* (1893), 85 Wis. 615, 630, 55 N. W. 1035.

[2] *Id.* at page 630.

[3] *Grabowski v. State* (1905), 126 Wis. 447, 454, 105 N. W. 805.

[redacted]

trial, *as corroborative evidence . . . .*"[4] (Emphasis supplied.) In an adultery case, where the trial court admitted evidence that the defendants were occupying the same bed for several months, this court held: "It is well settled that where adultery is the offense charged it is relevant to show acts of adultery or undue familiarity between the same persons *to show their adulterous disposition.*"[5] (Emphasis supplied.) In an indecent liberties with a minor case, where the trial court admitted testimony as to similar acts of unlawful misconduct by defendant in relation to prosecutrix at other times, this court held: "The admission of that testimony did not constitute error."[6] In an indecent behavior with a child case, where the trial court admitted for identity purposes evidence concerning another incident in which defendant also asked another little girl to "help him find a black and white rabbit which he had lost," this court upheld the admissibility of the earlier incident and adopted the rule that: ". . . the trial court will be required . . . to carefully consider whether the prejudice of other-crimes evidence is so great as compared with its relevancy and the necessity for its admission in the particular case to require its exclusion. . . ."[7] In applying the *Whitty* rule, where the trial court admitted testimony as to a prior sale of marijuana to another person, this court held: ". . .

[4] *Lanphere v. State* (1902), 114 Wis. 193, 200, 89 N. W. 128.

[5] *Gundlach v. State* (1924), 184 Wis. 65, 73, 198 N. W. 742.

[6] *State v. Mitchell* (1948), 253 Wis. 626, 628, 34 N. W. 2d 661. *See also: McAllister v. State* (1901), 112 Wis. 496, 499, 88 N. W. 212, holding only evidence of previous attempts by the accused to commit the crime of rape upon the same person is admissible because ". . . it can hardly be logically argued that because a man has assaulted two women, although the assaults were both on the same day, the same motive impelled both assaults. . . ."

[7] *Whitty v. State* (1967), 34 Wis. 2d 278, 284, 295, 149 N. W. 2d 557.

Because the two sales took place so close together, *showing a pattern and a state of mind of the defendant,* we do not think that the trial court abused its discretion in admitting the evidence. . . ." [8] (Emphasis supplied.)

A "greater latitude of proof as to other like occurrences" is clearly evident in Wisconsin cases dealing with sex crimes, particularly those involving incest and indecent liberties with a minor child. This is not so much a matter of relaxing the general rule that it is not competent in a prosecution for one crime to introduce evidence of other offenses [9] as it is a matter of placing testimony concerning other acts or incidents within one of the well established exceptions to such rule, as noted in *Whitty,* [10] and codified in the new Wisconsin Rules of Evidence. [11]

---

[8] *State v. Midell* (1968), 39 Wis. 2d 733, 737, 159 N. W. 2d 614, the court stated, as to admissibility of prior crimes, incidents or occurrences: ". . . The evidence is admitted, however, when it is '. . . particularly probative in showing elements of the specific crime charged, intent, identity, system of criminal activity to impeach credibility, and to show character in cases where character is put in issue by the defendant.' " (Quoting *Whitty v. State, supra.*)

[9] *Id.* at page 737, this court stating: ". . . This is a familiar problem and in *Whitty v. State,* this court thoroughly reexamined the fundamental rules underlying the admissibility of evidence of prior crimes, incidents or occurrences. The court made it clear that such evidence is not admitted for purposes of proving general character, criminal propensity or general disposition on the issue of guilt or innocence . . . ."

[10] *See:* footnote 7.

[11] Rule 904.04 (2), Wisconsin Rules of Evidence (effective January 1, 1974) provides: OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

In other jurisdictions, in incest cases, testimony as to incidents of sexual misconduct between a defendant father and the complaining witness daughter or other daughters has been held admissible under one or another of the established exceptions to the established rule. Some states admit testimony as to prior sexual misconduct with the defendant's daughters as coming within the common scheme or plan exception.[12] In an incest case, one western state, holding admissible testimony of similar sexual activity between defendant and an older daughter, said of this rationale: "There are sound reasons of policy and logic for viewing common scheme or plan as the occasion for admissibility in most of these sex cases." [13] Some states, as this court did in *Grabowski*,[14] hold the testimony as to similar occurrences with the prosecutrix or defendant's other daughters to be admissible as coming within the proof of motive exception.[15] In an incest case, one midwestern state, holding

[12] *See: People v. Covert* (1967), 249 Cal. App. 2d 81, 57 Cal. Rptr. 220; *Sellers v. State* (1962), 41 Ala. App. 612, 145 So. 2d 853; *State v. Van Winkle* (1970), 106 Ariz. 481, 478 Pac. 2d 105.

[13] *People v. Covert, supra,* at page 88, the court adding: ". . . The offense [incest with daughter] almost always occurs in private. The only direct witnesses are the prosecuting witness and the defendant. Although circumstantial evidence supplies occasional corroboration, conviction usually hinges upon the credibility of the prosecuting witness. In this kind of case beyond any other, the defendant's plea of innocence challenges the credibility of the alleged victim. . . . Standing alone, the implicit challenge to the credibility of the prosecuting witness creates relevance for evidence of similar sex offenses upon other persons."

[14] *Grabowski v. State, supra,* footnote 3.

[15] *See: State v. Jackson* (1948), 82 Ohio App. 318, 81 N. E. 2d 546; *Staggers v. State* (1969), 120 Ga. App. 875, 172 S. E. 2d 462; *State v. Schut* (1967), 71 Wash. 2d 400, 429 Pac. 2d 126; *Adams v. State* (1906), 78 Ark. 16, 92 S. W. 1123; *Williford v. State* (1972), 252 Ark. 397, 479 S. W. 2d 244; *State v. Beckwith* (1962), 158 Me. 174, 180 Atl. 2d 605; *Moody v. State* (1961), 170 Tex. Cr. R. 637, 343 S. W. 2d 698. 22A C. J. S., *Criminal Law,*

admissible testimony of sexual misconduct of the defendant father with other daughters, stated the rationale of this approach: "The separate acts of incest by the defendant with his several daughters are 'so related to the offense for which the defendant is on trial that they have a logical connection therewith and may reasonably disclose a motive.' " [16] In an incest case, in one southeastern state, finding no error where an older sister of the prosecutrix was permitted to testify as to other acts of incest by defendant father, the court held: ". . . The older sister's testimony is relevant to show defendant's intent, bent of mind or general plan to use his daughters to gratify his lust, passion and sexual desires . . . an element in the crime with which he was charged. . . ." [17] Thus this decision has a dual founda-

p. 882, sec. 691 (34), stating: ". . . However, evidence that improper advances of a similar nature were made to another daughter of accused may be admissible, if not too remote, not to raise a presumption of guilt on the hypothesis that a man who commits one crime will probably commit another, but to show guilty knowledge, or motive or intent, on the part of accused, that is, to show a passion, an emotion, a degeneracy, of exactly the same type as prompted the commission of the offense charged. . . ."

[16] State v. Jackson, supra, at page 322, quoting State v. Moore (1948), 149 Ohio St. 226, 229, 78 N. E. 2d 365, 367. Id. at pages 321, 322, the court stating: ". . . When incest is charged on trial, the use and purpose of such evidence [acts of incest with several daughters] is to show an unnatural sexual desire, at the time charged, as indicating an act of intercourse, and thus the evidence indicates the quality of degenerate and perverted emotion possessed by the person charged with the crime. . . .

". . . It is true that the evidence tends to prove habitual moral degeneracy and lascivious conduct toward persons other than the prosecuting witness, but the same filial relationship exists between these persons and the defendant, as exists between the prosecuting witness and the defendant—father and daughter. It is this relationship in the case at bar which marks the gravamen of the offense and constitutes the 'logical connection' between the acts of incest with different persons."

[17] Staggers v. State (1969), 120 Ga. App. 875, 876, 172 S. E. 2d 462.

tion: (1) the exception of general scheme or plan; and (2) the exception of proof of motive or intent. It finds either sufficient and both proper grounds for admitting testimony concerning earlier incestuous acts by defendant father with the complaining witness daughter or with her sisters. We agree and hold that the trial court did not err in admitting the testimony of prior incestuous acts of this defendant with the complaining witness nor in admitting testimony of her sisters as to incestuous acts of the defendant father toward them. Such testimony, we hold, comes within (1) the general scheme or plan; and (2) the proof of motive or intent exceptions to the general rule against admitting testimony in a criminal prosecution concerning prior crimes, incidents or occurrences.

*By the Court.*—Judgment affirmed.