STATE of Wisconsin, Plaintiff-Respondent,

v.

Gary L. PLYMESSER, Defendant-Appellant-Petitioner.†

Supreme Court

*No. 91–1403–CR. Submitted on briefs November 4, 1992.—Decided December 23, 1992.*

(Also reported in 493 N.W.2d 376.)

†Motion for reconsideration denied, February 3, 1993.

For the defendant-appellant-petitioner there were briefs by *Glenn L. Cushing,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *William C. Wolford,* assistant attorney general and *James E. Doyle,* attorney general.

LOUIS J. CECI, J.   This case comes before the court on a petition for review by Gary L. Plymesser (the defendant) of an unpublished *per curiam* court of appeals decision, dated February 13, 1992, which affirmed a judgment of conviction for second-degree sexual assault of a child entered in the circuit court for Clark County, John G. Bartholomew, Reserve Circuit Judge. The defendant argues that the circuit court's decision to admit evidence concerning the defendant's prior conviction for sexual assault of a child constituted an erroneous exercise of discretion.[1] We disagree and affirm.

---

[1] Earlier this year, in *City of Brookfield v. Milwaukee Metropolitan Sewerage District,* 171 Wis. 2d 400, 491 N.W.2d 484 (1992), we changed the terminology we use when reviewing a circuit court's discretionary act. Instead of the phrase "abuse of discretion," we now use the phrase "erroneous exercise of discre-

The state charged the defendant with one count of second-degree sexual assault of a child, contrary to secs. 948.01(5) and 948.02(2), Stats. The state alleged that in December of 1989, the defendant fondled the breasts and vagina of Kelly D., the 13-year-old daughter of friends of the defendant. The state also alleged that the defendant had Kelly touch his penis.

Before trial, the state filed a motion to admit "other acts" evidence. First, the state sought to introduce evidence concerning the defendant's 1977 conviction for first-degree sexual assault. The act that led to that conviction occurred in 1976 when the defendant put his mouth on the vaginal area of a friend's seven-year-old daughter. While investigating the 1976 act, a Sgt. Rue took the defendant's statement. In that statement, the defendant said he had been drinking with friends and, while drunk, he had sexually assaulted his friends' daughter. The defendant also admitted having assaulted up to twenty other young females, but only two since he had been out of prison. The defendant said that he had committed the other assaults on friends' children and that those other assaults occurred only when he had been drinking.

The second piece of "other acts" evidence the state sought to introduce was evidence concerning allegations that in 1969, the defendant had engaged in sexual intercourse with two females who were under the age of twelve. The state had filed complaints regarding those allegations, but the cases were dismissed because of "witness difficulties."

Finally, the state wanted to introduce statements the defendant made to a psychiatrist after the 1976 sex-

tion." *Id.* at 423–24. The substance of this standard of review and the requirements imposed on circuit courts have not changed. *Id.* at 424.

ual assault. In its motion, the state quoted a portion of the psychiatrist's report:

> [The defendant] described his sexual involvement with young girls as starting when he was a child which has continued as a source of gratification in his fantasy which he is ashamed of and knows is not right. The involvement with the young girl which occurred on November 26 occurred while he was under the influence of alcohol and he does not actually remember any of the events during that time. He believes what was told of him because it fits with his inner fantasies. He has become very cautious about drinking and has not had one drink since the episode on November 26.

A few months before trial, Judge Michael W. Brennan ruled on the state's motion. Judge Brennan decided to admit evidence of the 1977 conviction because, although he recognized the girls' ages in the two assaults differed, there was a similarity between the assault in 1976 and the assault on Kelly. Both times, the defendant had been drinking and had assaulted friends' daughters. Judge Brennan recognized an issue of whether the prior act was too remote. However, he considered that the defendant had stayed away from alcohol. The judge thought the evidence was "extremely relevant," although it was also "enormously prejudicial."

Judge Brennan decided to exclude evidence about the allegations of sexual intercourse with two young females in 1969 because those acts were too remote. The judge also decided to allow the state to introduce the statement made to the psychiatrist.

On the day of trial, Judge Bartholomew made new rulings on the evidence of the 1977 conviction and the statement made to the psychiatrist. Judge Bartholomew decided to allow the state to introduce evidence of the

1977 conviction for sexual assault. The judge said he would not, however, allow the state to introduce the statement the defendant had made to Sgt. Rue in detail because to do so would be highly prejudicial. The court decided to admit just enough of the statement to show a similarity between the 1976 assault and the assault on Kelly. Judge Bartholomew decided to screen Sgt. Rue's testimony outside the jury's presence to determine that testimony's content and then "to eliminate certain parts of it which . . . the prejudicial effects would far outweigh the probative value . . .."

Judge Bartholomew also decided to exclude the entire statement the defendant made to the psychiatrist, in part because its "prejudicial effect would far outweigh its value."

After Judge Bartholomew's ruling, the state and the defendant stipulated to how much of the statement to Sgt. Rue regarding the 1976 sexual assault could come before the jury. They agreed that during the opening statement the state would say there was a prior conviction for sexual contact with a child under 12. They also agreed that the state could introduce limited evidence about the statement the defendant made to Sgt. Rue: the state could bring out that the defendant had been drinking; that there had been sexual contact with a child of a friend; and that the contact had been made for the purpose of sexual gratification.

During the trial, Kelly testified that the defendant had sexually assaulted her. Kelly said the defendant was a friend of her family and, on the night he assaulted her, he had been drinking. According to Kelly, the defendant was driving her to his home to decorate a Christmas tree when he pulled the car over, "French kissed" her three times, and touched her breasts and vaginal area. Kelly

also said the defendant left the car to urinate and on his return made her touch his penis.

The defendant testified. He admitted that he had been drinking that night, that he drove Kelly to his home, and that he left the car to urinate. He denied any sexual contact with Kelly.

Before Sgt. Rue testified concerning the 1977 conviction, Judge Bartholomew screened his testimony outside the jury's presence. Sgt. Rue's testimony on direct examination follows:

Q   Now what was the relationship, if any, between this seven year old girl and the defendant?

A   [The defendant] was friends with the parents.

Q   And during the course of this interview did you determine whether or not any drinking occurred while the sexual act took place?

A   Yes.

Q   And what was [the defendant's] response?

A   He stated that he had been drinking a lot of beer.

Q   Could you tell the jury, please, what type of a contact was involved?

A   [The defendant] admitted to having put his mouth on the vagina of a seven year old girl.

Q   Now as you interviewed him, did he initially and readily admit that he had done that?

A   Not at first, no.

Q   Did he ultimately admit it though?

A   Yes, sir.

Sgt. Rue's testimony on cross-examination follows:

> Q As I understand from the statement that you took from [the defendant], you asked this first and then you reduced it down to writing; is that correct?
>
> A Yes, sir.
>
> Q So originally, when you first asked him if he did it, apparently he said he didn't. About two questions later you asked him, 'Are you sure you didn't do it' And he said, 'I did it'.?
>
> A That's correct.
>
> Q And that was in 1976, I believe?
>
> A Yes, sir.
>
> Q About 13 years ago?
>
> A Yeah.

That was the extent of Sgt. Rue's testimony. The court then received into evidence the judgment of conviction for the 1976 assault.

The court later instructed the jury:

> [E]vidence has been received that the defendant, after drinking, had sexual contact with the vagina of a 7-year old daughter of a friend. Such evidence was admitted solely on the issues of motive, opportunity, and plan.
>
> You may not consider such evidence to conclude that the defendant has a certain character or a certain character trait and to further conclude that he acted in conformity with that trait or character with respect to the offense charged in this case. If you find that the defendant did such act, you must not conclude that it is proof that he committed the offense with which he is now charged.

The jury found the defendant guilty.

The court of appeals affirmed the judgment of conviction, holding that the circuit court properly exercised its discretion by admitting evidence of the 1976 sexual assault to show motive and plan, although it expressed doubts concerning the merit of the controlling precedent on the use of the "plan" exception to admit evidence of prior sexual assaults. (The state did not attempt to support the circuit court's admission of the other acts to show "opportunity.")

Was admitting evidence regarding the 1977 conviction an erroneous exercise of discretion? The question is "not whether this court, ruling initially on the admissibility of the evidence, would have permitted it to come in, but whether the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record." *State v. Kuntz,* 160 Wis. 2d 722, 745, 467 N.W.2d 531 (1991). We will uphold the circuit court's decision if we can find a reasonable basis for it. *Id.* at 745–46.

To admit evidence of a prior crime, a court must determine that the evidence is admissible under both secs. 904.04(2) and 904.03, Stats. *Id.* at 746. Section 904.04(2) provides:

> **904.04  Character evidence not admissible to prove conduct; exceptions; other crimes. . . .**
> (2)  Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

591

Section 904.04(2) does not permit the use of other acts evidence when the only inference that can be drawn from that evidence is that "because a defendant committed prior act X, he is therefore of such a character and disposition to commit present act Y . . .." *State v. Fishnick,* 127 Wis. 2d 247, 254, 378 N.W.2d 272 (1985). Section 904.04(2) does permit the use of other acts evidence when an inference can be drawn from prior act X about defendant's motive, plan, or anything else of consequence—except disposition to commit a crime. *Id.* at 254. If the other acts evidence is offered for a proper purpose, "the evidence is subject only to the general strictures limiting admissibility such as [secs. 904.02 and 904.03]." *Huddleston v. United States,* 485 U.S. 681, 688 (1988).

The exceptions listed in sec. 904.04(2) are not mutually exclusive. *State v. Tarrell,* 74 Wis. 2d 647, 662, 247 N.W.2d 696 (1976) (Abrahamson, J., dissenting) ("The exceptions slide into each other; they are impossible to state with categorical precision . . .."). Nor are they exhaustive. *State v. Shillcutt,* 116 Wis. 2d 227, 236, 341 N.W.2d 716 (Ct. App. 1983); 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence,* para. 404[08] at 404–47 (1992). Some of the exceptions in the rule such as knowledge and intent are ultimate facts, while others such as motive and plan are phrased in terms of immediate inferences. *See* Kenneth S. Broun, *et al., McCormick On Evidence,* sec. 190 at 799 n.10 (John W. Strong ed., 4th ed. 1992) (citation omitted).

If a court determines that evidence is admissible under sec. 904.04(2), it must next determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under sec. 904.03, Stats. *Kuntz,* 160 Wis. 2d at 746.

The first question we must address is whether the circuit court properly exercised its discretion by allowing the state to introduce evidence of the 1977 conviction as relevant to motive. We addressed a similar question in *State v. Friedrich,* 135 Wis. 2d 1, 398 N.W.2d 763 (1987). In *Friedrich,* we concluded that a circuit court properly exercised its discretion by admitting evidence of uncharged sexual assaults. *Id.* at 25. We determined that evidence of the prior assaults was relevant to motive "[b]ecause the purpose of the sexual contact is an element of the crime, and because the Defendant's motive is related to his purpose for committing the crime with which he is charged . . .." *Id.* at 22. *See also Fishnick,* 127 Wis. 2d at 260–61; *State v. Mink,* 146 Wis. 2d 1, 15, 429 N.W.2d 99 (Ct. App. 1988).

In this case, as in *Friedrich,* the purpose for committing the sexual assault is an element of the crime with which the defendant is charged. One of the elements of second-degree sexual assault is "sexual contact." Section 948.02, Stats. Section 948.01(5), Stats., defines "sexual contact" as "any intentional touching by the complainant or defendant . . . *for the purpose of sexually* degrading or sexually humiliating the complainant or sexually arousing or *gratifying the defendant"* (emphasis added).

The inference can be drawn that the defendant committed the prior sexual assault to sexually gratify himself. If the motive in 1976 was sexual gratification, it is more likely that it was sexual gratification in 1989 as well. This motive is related to the "purpose" element of sec. 948.01(5), Stats.

The defendant asserts that this is an incorrect use of the motive exception, relying heavily on the dissents from *Tarrell* and *Friedrich.* However, the question when reviewing the circuit court's use of precedent when exer-

cising its discretion is not whether this court correctly decided earlier cases, but whether the circuit court applied the correct legal standard. Judge Bartholomew cited the appropriate cases and applied their holdings correctly. We decided *Friedrich* only five years ago, and this case presents similar facts and issues. Therefore, contrary to the defendant's request, we shall not consider overruling *Friedrich,* but will briefly address the defendant's arguments.

The defendant would approve of the use of other acts evidence to show motive in a case in which a defendant shoots a policeman while fleeing a robbery. The evidence of the robbery would be admissible to show a motive for shooting the policeman. The evidence of the prior act would supply the motive for the later act. Our cases do not take such a narrow view of motive, and we thus reject defendant's argument. The use of motive in this case parallels its use in *Friedrich:* a motive in an earlier crime is used to show a common cause for both the earlier and a later crime. The same motive caused both the prior act and the charged act. *See Friedrich,* 135 Wis. 2d at 22; *Fishnick,* 127 Wis. 2d at 260-61; *Mink,* 146 Wis. 2d at 15. *See also* Edward J. Imwinkelried, *Uncharged Misconduct Evidence,* sec. 3:18 at 3-45 (1992).

The defendant next contends that motive is not an issue in this case because defendant denied sexually assaulting Kelly; therefore, the other evidence should not have been admitted as relevant to motive. Again, our cases contradict this contention. The state must prove all the elements of a crime beyond a reasonable doubt, even if the defendant does not dispute all of the elements. Motive is relevant to the "purpose" element in this case. *See* secs. 948.02 and 948.01(5), Stats. Evidence relevant to motive is therefore admissible, whether or

not defendant disputes motive. *See Friedrich,* 135 Wis. 2d at 22; *Fishnick,* 127 Wis. 2d at 260–61; *Mink,* 146 Wis. 2d at 15. *See also United States v. Hadley,* 918 F.2d 848, 852 (9th Cir. 1990), *cert. dismissed as improvidently granted* 61 U.S.L.W. 4006 (U.S. Nov. 16, 1992) (No. 91–6646). *Cf. United States v. Mazzanti,* 888 F.2d 1165, 1171 (7th Cir. 1989), *cert. denied sub nom. Born v. United States,* 495 U.S. 930 (1990).

Finally, the defendant claims that the evidence was unnecessary because if the jury believed Kelly, it would not have required additional evidence to infer defendant's motive for the assault. Other acts evidence should be used sparingly because of its potential for prejudice. *State v. Spraggin,* 77 Wis. 2d 89, 103, 252 N.W.2d 94 (1977). However, there was a need for this evidence: to corroborate the victim's testimony, *Fishnick,* 127 Wis. 2d at 257 n.4; *Proper v. State,* 85 Wis. 615, 629, 55 N.W.2d 1035 (1893). We are also satisfied, as we shall explain later, that the court ensured that no unfair prejudice would result from admitting this evidence. The circuit court properly exercised its discretion when it admitted the evidence of the 1977 conviction in order to show defendant's motive under sec. 904.04(2). We now turn to sec. 904.03.

Section 904.03 gives a judge discretion to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Judge Bartholomew admitted evidence of the 1977 conviction after concluding that its probative value outweighed its prejudicial nature. "The probative value of other-acts evidence depends partially upon its nearness in time, place, and circumstance to the alleged crime or element sought to be proved." *Fishnick,* 127 Wis. 2d at 261.

The circumstances of the two sexual assaults were quite similar—more similar than simply two sexual assaults of minors. In both, the defendant drank with friends and then sexually assaulted the friends' daughters. The two assaults occurred thirteen years apart, but, as the court noted, that time gap could be caused in part by the fact that the defendant had apparently stayed away from alcohol. The similarities between the two assaults do much to offset the thirteen-year gap in time between the assaults and the differences in the ages of the girls. *See generally Kuntz,* 160 Wis. 2d at 749 (Evidence of prior acts eleven and sixteen years before charged act "had a great deal of probative value due to the striking similarities in each case."); *Mink,* 146 Wis. 2d at 16 (evidence of sexual acts thirteen and twenty-two years prior to charged act admitted). Additionally, the 1976 assault resulted in a conviction. Therefore, evidence concerning the 1976 assault had more reliability than the evidence of the uncharged acts in *Friedrich.* Evidence of the 1977 conviction had great probative value.

The state may have increased the danger of unfair prejudice from the introduction of the 1977 conviction when it said the following during its opening statement:

> What this case is about, is a 45 year old man, who has a thing for young girls. And ordinarily when he is not drinking he is able to control this thing that he has for young girls. However, when he imbibes alcohol, beer, as it were, these inhibitions are broken down and he acts on this thing that he has for young girls.

This statement is troubling, but the defendant did not object to it; and the court instructed the jury on the proper use of the 1977 conviction and the testimony of Sgt. Rue. Those instructions helped to limit any unfair

596

prejudice that might have resulted. *Fishnick,* 127 Wis. 2d at 262; *Mink,* 146 Wis. 2d at 17.

The circuit court also refused to allow the statement that the defendant made to Sgt. Rue to come in unedited. Most importantly, the court did not allow the state to mention that thirteen years earlier the defendant admitted to sexually assaulting up to twenty other young females and that those assaults were on friends' daughters and occurred when he had been drinking. Additionally, the court did not allow the state to use the defendant's words which contained slang references that may have offended the jury. Not only did the court decide to exclude the most prejudicial parts of the statement, the court also screened Sgt. Rue's testimony to ensure that unfair prejudice would not result. The circuit court properly exercised its discretion under sec. 904.03, Stats.

We hold that the circuit court properly exercised its discretion in accordance with the proper legal standards and the facts of record in admitting evidence of the 1977 conviction. Having reached this conclusion, we need not reach the issue of whether the circuit court erroneously exercised its discretion by admitting evidence of the 1977 conviction under the "plan or scheme" exception. *See Friedrich,* 135 Wis. 2d at 23. We note, however, that after examining the record we find the circuit court exercised its discretion properly when it concluded that evidence of the 1977 conviction was also admissible to show a "plan or scheme." *See id.*

Finally, we will briefly address the defendant's request that we reject the use of the "greater latitude" standard. In *Friedrich,* we said, "a 'greater latitude of proof as to other like occurrences' is evident in Wiscon-

sin cases dealing with sex crimes, especially those dealing with incest and indecent liberties with a child." *Friedrich,* 135 Wis. 2d at 19 (citation omitted). The defendant asserts that the use of the greater latitude standard has effectively displaced the use of secs. 904.04(2) and 904.03, Stats., in sex crime cases. We reject this unwarranted assertion. We have said before that the greater latitude standard does not relieve a court of the duty to ensure that the other acts evidence is offered for a proper purpose under sec. 904.04(2). *See Fishnick,* 127 Wis. 2d at 257; *Hendrickson v. State,* 61 Wis. 2d 275, 279, 212 N.W.2d 481 (1973); *Mink,* 146 Wis. 2d at 14. Nor does it relieve a court of the duty to ensure the other acts evidence is admissible under sec. 904.03 and the other rules of evidence. *Friedrich* did nothing to alter these basic principles.

*By the Court.*—The decision of the court of appeals is affirmed.

WILLIAM A. BABLITCH, J. *(dissenting).* For the reasons stated in the dissent filed in *State v. Friedrich,* 135 Wis. 2d 1, 398 N.W.2d 763 (1987), I dissent. This case presents even more egregious error than that found in *Friedrich.* In *Friedrich,* the defendant was charged with having sexual contact with his fourteen year old niece. The majority of this court held that it was proper to admit evidence of uncharged, unsubstantiated allegations of two prior assaults by the defendant against ten and thirteen year old females that purportedly occurred five and seven years prior to the defendant's trial. The majority concluded that the prior unsubstantiated allegation evidence was admissible to show a "common scheme or plan" of the defendant. In this case, the time gap and the dissimilarity between the act charged and the prior acts is even greater than in *Friedrich.* In

this case, the defendant was charged with sexual assault for fondling the breasts and vaginal area of a thirteen year old female. The prior assault which was admitted into evidence was for an incident that occurred thirteen years previously involving oral contact with the vaginal area of a seven year old female. Characterizing these two incidents as being part of a common scheme or plan twists those words beyond recognition. As stated in the defendant's brief:

> This court has opened the doors to the introduction of prior crimes evidence so wide that virtually nothing is or can be excluded, thereby substantially increasing the risk of convicting the innocent.

I agree. Accordingly, I dissent.

I am authorized to state that Chief Justice NATHAN S. HEFFERNAN and Justice SHIRLEY S. ABRAHAMSON join in this dissent.