STATE of Wisconsin, Plaintiff-Respondent,†

v.

Dale H. DAVIDSON, Defendant-Appellant.

Court of Appeals

*No. 98–0130–CR. Submitted on briefs August 7, 1998.—Decided October 1, 1998.*

(Also reported in 589 N.W.2d 38.)

†Petition to review granted.

235

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jerome F. Buting* of *Buting & Williams, S.C.* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sharon Ruhly*, assistant attorney general.

Before Dykman, P.J., Roggensack and Deininger, JJ.

DYKMAN, P.J. Dale H. Davidson appeals from a judgment of conviction for second-degree sexual assault of his thirteen-year-old niece, contrary to § 948.02(2), STATS., as a repeater. Davidson argues that the trial court erred in admitting into evidence his prior conviction for sexually assaulting a six-year-old girl in 1985. He contends that the dissimilarities between the two cases seriously undermine the probative value of the evidence in establishing motive or opportunity in this case. He also argues that even if the prior conviction has probative value, it would be substantially outweighed by the unfair prejudice created. We agree that the prior conviction has no probative value and, therefore, conclude that the trial court erroneously exercised its discretion in admitting this evidence. Accordingly, we reverse and remand for a new trial. Because we reverse on this basis, we need not address the remaining issues that Davidson raises regarding a rebuttal witness's testimony or the prosecutor's remarks during closing arguments.

## BACKGROUND

During the weekend of September 24, 1995, Dale Davidson (Davidson), his wife, three sons, and thirteen-year-old niece, Tina M., went camping in Adams County in the Davidson's Winnebago camper van. On Saturday evening, Tina M. stated that the Davidsons allowed her to drink some wine while they all sat around a campfire. After falling asleep later that night, Tina M. stated that she was awakened by Dale Davidson, who allegedly wanted her to drink some more wine. She stated that she attempted to lay back down but that Davidson kept picking her up to get her to drink. After she drank the wine, Davidson allegedly told Tina M. to lay on her back so she would not get sick. Tina M. stated that she then felt Davidson lift up her shirt. She turned away and fell asleep but awoke to find that Davidson had pulled up her shirt and bra and was licking her breasts. She stated that she again turned away from Davidson but later awoke to find Davidson zipping up her pants.

Tina M. reported this incident to her parents, who then contacted the police. The police arrested Davidson and charged him with second-degree sexual assault of a child.

In a motion in limine, the State sought to introduce evidence of Davidson's prior conviction for sexually assaulting a six-year-old girl. This prior assault occurred on December 22, 1985, in the basement area of the Peace Lutheran Church in Park Falls, Wisconsin. The victim, Cindy P., stated that when she went to go get a drink of water during church services, Davidson approached her and put his hands down underneath her underwear and felt her buttocks and pubic area. Davidson was later convicted of first-degree sexual assault and sentenced to two years in prison.

The State requested that this prior conviction be admitted to help establish intent, motive, plan and identity. Quoting from *State v. Fishnick*, 127 Wis. 2d 247, 260–61, 378 N.W.2d 272, 279 (1985), the district attorney said that "[b]ecause the purpose of the sexual contact is an element of the crime, and because the defendant's motive impacts upon his purpose for committing the crime with which he is charged, the other acts evidence which tends to show [the defendant's] motive is properly admissible." He stated that it was reasonable to conclude that Davidson assaulted Cindy P. in December 1985, for the purpose of sexual arousal or gratification, and that his conviction for this assault should be admissible to establish that he had the same motive for allegedly assaulting Tina M. The district attorney concluded by arguing that any unfair prejudice caused by the introduction of this evidence could be eliminated by instructing the jury to only use the evidence for permissible purposes, not propensity.

Two hearings were held regarding admission of Davidson's prior conviction. At the initial hearing, the trial court ruled that the conviction could not be used to show motive because of the unfair prejudice it would create, but that it would conditionally admit evidence of the conviction to show opportunity, plan or scheme. At the second hearing, the district attorney stated that he thought the evidence was relevant to show "plan, scheme, as well as motive." He elaborated:

> The opportunity was created through his plan or through his method of sexually assaulting these young girls, and as I have offered, I think the circumstances are similar. I know the defense certainly doesn't agree with that, but I used the comparison of the camping trip, the camper itself, the structure itself, and to the structure of the

238

church, the fact that people were present in both of them . . . .

The court initially reiterated that it would not admit the prior conviction to establish motive, but that it would allow it to prove plan, scheme or opportunity. The court warned, however, that there is a fine line between using this evidence to establish plan or opportunity, and using it to establish propensity. It suggested that the parties come to an agreement as to how this evidence should be presented to the jury and what instructions should be given to reduce or eliminate any unfair prejudice that it may create.

After the trial court determined that the conviction would be admissible, the parties indicated that they might agree to introduce the evidence by means of stipulation. Both parties agreed as to what the stipulation should include, and it was read to the jury.[1]

---

[1] The stipulation read as follows:

In this case, the district attorney and the defendant's attorney have stipulated to the following facts: On December 22, 1985, Colleen A. [P.], date of birth 9–15–54, was attending a gathering in Price County, Wisconsin, with her family. Cindy [P.], date of birth 10–28–79, age six, her daughter, was present with the family. The building has a main entrance, allowing entry to the top floor, where the gathering was held. There are two stairways that allow access to the lower level, where the rest rooms and another room are located at the bottom of the steps. The water bubbler is located next to the men['s] rest room. Another service door allows entry to the lower level directly where the water bubbler is located. Approximately 150 people attended the gathering on the upper level. There were additional adults and children gathered in the room on the lower level.

During the gathering, Cindy [P.] left her family to get a drink of water at the bubbler, located in the lower level, next to the men['s] rest room. While getting a drink of water, the defendant approached Cindy. The defendant put his hands inside Cindy's underwear, and touched Cindy's buttocks and front pubic area. Cindy said she had to go to the bathroom and left the area.

Following the prosecutor's reading of the stipulation, the court then read the following cautionary instruction:

> Ladies and gentlemen of the jury, the evidence has been received regarding a crime committed by the defendant for which the defendant is not on trial. Specifically, evidence has been received that the defendant, in 1985, did have sexual contact with Cindy [P.], age six. If you find that this conduct did occur, you should consider it only on the issues of motive, plan, or scheme. You may not consider this evidence to conclude that the defendant has a certain character or a certain character trait, and that the defendant acted in conformity with that trait or character, with respect to the offense charged in this case.
>
> The evidence was received on the issue of motive, as whether the defendant has reason to desire the result of the crime in plan or scheme, that is, whether such other conduct of the defendant was part of a design or scheme that led to the commission of the offense charged.
>
> You may consider this evidence only for the purposes I described, giving the weight you determine it deserves. It is not to be used to conclude that the defendant is a bad person or that he has a propensity to commit such offenses and for that reason is guilty of the offense charged. And you indicated that the State was going to rest?

Davidson was convicted of second-degree sexual assault of a child as repeater and was sentenced to twelve years in prison. He appeals.

---

As a result of this conduct, the defendant plead[ed] guilty and was convicted [of] first degree sexual assault of Cindy [P.] on February 7, 1986.

## STANDARD OF REVIEW

 The primary issue in this case is whether the trial court erred when it admitted into evidence Davidson's prior conviction for sexually assaulting a six-year-old girl. The proper standard for reviewing a trial court's admission of other crimes evidence is whether the court exercised appropriate discretion. *State v. Sullivan*, 216 Wis. 2d 768, 780, 576 N.W.2d 30, 36 (1998). "An appellate court will sustain an evidentiary ruling if it finds that the circuit court examined the relevant facts; applied a proper standard of law; and using a demonstrative rational process, reached a conclusion that a reasonable judge could reach." *Id.* It is an erroneous exercise of discretion for the circuit court to fail to delineate the factors that influenced its decision. *See id.* at 781, 576 N.W.2d at 36. If the circuit court fails to set forth its reasoning, we will independently review the record to determine whether it provides a basis for the circuit court's exercise of discretion. *See id.*

## DISCUSSION

To allow the introduction of evidence of a prior conviction, a court must determine whether the evidence is admissible under RULE 904.04(2), STATS., which reads as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"The general rule is to exclude evidence of other bad acts to prove a person's character in order to show that the person acted according to his character in committing the present act." *State v. Fishnick*, 127 Wis. 2d 247, 253, 378 N.W.2d 272, 276 (1985).

In *Whitty v. State*, 34 Wis. 2d 278, 149 N.W.2d 557 (1967), *cert. denied*, 390 U.S. 959 (1968), the supreme court recognized the risk involved with admitting other acts evidence and listed the following reasons why its use should be strictly limited:

> (1) The overstrong tendency to believe the defendant guilty of the charge merely because he is a person likely to do such acts; (2) the tendency to condemn not because he is believed guilty of the present charge but because he has escaped punishment from other offenses; (3) the injustice of attacking one who is not prepared to demonstrate the attacking evidence is fabricated; and (4) the confusion of issues which might result from bringing in evidence of other crimes.

*Id.* at 292, 149 N.W.2d at 563.

While the *Whitty* court cautioned that other acts evidence should be used sparingly and only when reasonably necessary, there have been lines of cases since *Whitty* in which courts have routinely approved the State's use of such evidence while only noting *Whitty's* principles. *See State v. Johnson*, 184 Wis. 2d 324, 341, 516 N.W.2d 463, 468 (Ct. App. 1994). The *Johnson* court concluded that,

> Whether we agree with this trend or not, one thing is clear: *Whitty* is not the bastion it once was and it is time for the courts to say so. Unless or until our supreme court reverses the direction of the law in

this area, we should stop writing appellate opinions which pretend to honor *Whitty* but actually offend it.

*Id. See also State v. Tabor,* 191 Wis. 2d 482, 498, 529 N.W.2d 915, 922 (Ct. App. 1995) (Nettesheim, J., concurring in part, dissenting in part) ("the limited exceptions of admissibility have swallowed up the general rule of exclusion . . . the exceptions are the rule and the rule is the exception.").

The exception to the general rule barring the use of other acts evidence has been further expanded in sexual assault cases, particularly those involving minor children. *See State v. Plymesser,* 172 Wis. 2d 583, 597–98, 493 N.W.2d 367, 574 (1992); *State v. Friederich,* 135 Wis. 2d 1, 19–20, 398 N.W.2d 763, 771 (1987). This expansion is referred to as the "greater latitude rule," and it was first articulated in *Hendrickson v. State,* 61 Wis. 2d 275, 279, 212 N.W.2d 481, 482 (1973), and reaffirmed in *Fishnick,* 127 Wis. 2d at 257 n.4, 378 N.W.2d 278 n.4.

██ We stated that "[t]his 'greater latitude rule' is not so much a matter of relaxing the general rule that other acts evidence is not competent as it is a matter of placing the other acts evidence within one of the well-established exceptions of [Rule] 904.04(2), Stats." *State v. Mink,* 146 Wis. 2d 1, 13, 429 N.W.2d 99, 104; *See also Fishnick,* 127 Wis. 2d at 256–57, 378 N.W.2d at 277–78. In addition, we stated that this rule does not "relieve a court of the duty to ensure that other acts evidence is admissible under [Rule] 904.03 and the other rules of evidence." *Plymesser,* 172 Wis. 2d at 598, 493 N.W.2d at 374. In other words, while we are obligated to provide greater latitude in deciding whether the other acts evidence falls within one or more of the

exceptions listed in RULE 904.04(2), STATS., we still apply the traditional evidentiary standards in determining whether the evidence is probative of a material and consequential fact and, if so, whether that probative value is substantially outweighed by the unfair prejudice it creates. RULES 904.01–904.03, STATS.

Recently, in *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998), the supreme court reaffirmed the vitality of *Whitty*. In *Sullivan*, the defendant was charged with battery for attacking his girlfriend. At trial, the court allowed the defendant's ex-wife to testify about her abusive past relationship with the defendant. The trial court instructed the jury that the ex-wife's testimony could be considered for the purposes of motive, intent, knowledge, absence of mistake or accident, but that it could not be used to conclude that the defendant was a bad person and was therefore guilty of the offense charged. Sullivan was convicted and appealed. We affirmed but the supreme court reversed.

In its decision, the supreme court reiterated the three-step analytical framework that circuit courts must follow when determining the admissibility of other acts evidence under RULE 904.04(2), STATS.:

> (1) Is the other acts evidence offered for an acceptable purpose under [RULE 904.04(2), STATS.], such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident?
>
> (2) Is the other acts evidence relevant, considering the two facets of relevance set forth in [RULE 904.01, STATS.]? The first consideration in assessing relevance is whether the other acts evidence relates to a fact or proposition that is of consequence to the

determination of the action. The second consideration in assessing relevance is whether the evidence has probative value, that is, whether the other acts evidence has a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence.

(3) Is the probative value of the other acts evidence substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence? [*See* RULE 904.03, STATS.]

*Sullivan,* 216 Wis. 2d at 772–73, 576 N.W.2d at 32–33. The supreme court also said:

The proponent and the opponent of the other acts evidence must clearly articulate their reasoning for seeking admission or exclusion of the evidence and must apply the facts of the case to the analytical framework. The circuit court must similarly articulate its reasoning for admitting or excluding the evidence, applying the facts of the case to the analytical framework. . . . Without careful statements by the proponent and the opponent of the evidence and by the circuit court regarding the rationale for admitting or excluding other acts evidence, the likelihood of error at trial is substantially increased and appellate review becomes more difficult. The proponent of the evidence, in this case the State, bears the burden of persuading the circuit court that the three-step inquiry is satisfied.

*Id.* at 774, 576 N.W.2d at 33. The court ultimately concluded that while the ex-wife's testimony satisfied the first step, it was not sufficiently probative to satisfy the second.

We find significant the supreme court's comments in *Sullivan* regarding *Whitty*, and cases subsequent to

*Whitty*, which permitted the use of other acts evidence. When the court of appeals considered *Sullivan*, we expressed concern that:

> [T]he Wisconsin decisions both from the court of appeals and the supreme court have chipped away at the *Whitty* principle. Except for an isolated few, those decisions have consistently approved the use of such evidence. Some have done so while mouthing the *Whitty* rule. Others have simply not addressed *Whitty*. . . .
>
> . . . .
>
> As a result, many of these decisions pretend to follow *Whitty* but actually do violence to it. These are awkward decisions because they force the "square peg" of the evidence into the "round hole" of *Whitty*.
>
> By these holdings [such as *Plymesser* and *Friedrich*], the supreme court has signaled that a defendant's motive to commit the charged offense can be established by prior acts which demonstrate the defendant's propensity to commit such acts.

*State v. Sullivan*, No. 96–2244-CR, unpublished slip op. at 5–7 (Wis. Ct. App. March 26, 1997).

Responding to these comments, the supreme court said: "In light of the decision and comments of the court of appeals, we take this opportunity to reaffirm the vitality of Wis. Stat. § (Rule) 904.04(2) and *Whitty*, as both the State and the defendant have urged us to do." *Sullivan*, 216 Wis. 2d at 775, 576 N.W.2d at 34.

We do not believe that this comment was unnecessary verbiage or dicta. We conclude that we should again look to *Whitty* for the principles governing the admission of other acts evidence, and not to the cases following *Whitty*, such as *Plymesser*, to determine whether other acts evidence should be admitted in

individual cases. And the primary principle of *Whitty* is that:

> Evidence of prior crimes or occurrences should be sparingly used by the prosecution and only when reasonably necessary. Piling on such evidence as a final "kick at the cat" when sufficient evidence is already in the record runs the danger, if such evidence is admitted, of violating the defendant's right to a fair trial because of its needless prejudicial effect on the issue of guilt or innocence. The use of such evidence under the adopted rule will normally be a calculated risk.

*Whitty*, 34 Wis. 2d at 297, 149 N.W.2d at 565–66.

We believe that the dissent's analysis of the facts of this case is a pre-*Sullivan* view of RULE 904.04(2), STATS. We conclude that we should apply the *Sullivan* analytical framework to the facts of this case to determine if the trial court erroneously exercised its discretion in admitting Davidson's prior conviction into evidence.

The first step in the analysis is to determine whether the other acts evidence is offered for a permissible purpose under RULE 904.04(2), STATS., such as to establish motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

At the December 9, 1996 motion hearing, the trial court rejected the State's request to use the prior conviction to establish motive, but stated that it would conditionally admit the evidence to show opportunity or plan.[2]

---

[2] In response to the State's request that the conviction be admitted to establish motive, the court stated the following:

In arguing against admission, Davidson's attorney pointed out that there was little similarity between the alleged assaults. He stated that the opportunity to assault a six-year-old, when the two were alone together, and the opportunity to assault a thirteen-year-old girl, when his entire family is within four or five feet, are dissimilar. In particular, he distinguished the characteristics of the two girls, focusing on the differences regarding willingness to trust and abilities to resist an assault. On a broader level, Davidson's attorney questioned how the use of the conviction would establish opportunity. He stated that

> I guess it would be one thing, if in the prior incident, he took advantage of an opportunity because of his work situation or whatever, that would allow him to get access to six-year-olds, and then again, [he is] in a similar situation ten years later and uses the same benefits or advantages of his situation to do a similar kind of a thing . . . .

The court responded to this concern as follows:

> There is that element of opportunity in the situation of taking a kid on an organized camping trip with

THE COURT: I don't buy that part of it. The Court would—my outlook on it would be that it may be relevant to opportunity. That appears to be the argument in the cases, that you just wouldn't believe that in these types of circumstances, that there would be an opportunity. Is that one of the exceptions, opportunity?

MR. THIBODEAU [prosecutor]: Yes, Your Honor, it is.

THE COURT: I thought it was.

MR. THIBODEAU: Yes, Your Honor.

THE COURT: As far as plan or motive, like I say, the defendant has a good point on that. Quite simply, that if you get to the incident happening at all, plan or motive is no longer a serious issue. That's the way I see the case, at this point.

family, that had some similarities to at the school or at a church or some kind of a function, that's—there is that general similarity, as well as the differences that you point out.

Davidson's attorney responded by pointing out a flaw in this reasoning:

Basically, if the Court accepts the State's arguments of opportunity, in that context, then Mr. Davidson, for the rest of his life, would never be able in any situation where he is present with any child, where people are around him or not. Because under those circumstances, he would have the opportunity, whether he arranged it or whether someone else arranged it, he would always have an opportunity, if he is around a child. And I think the statute contemplates opportunities in a much more narrow reading, whether someone takes a very specific opportunity to, perhaps, isolate themselves and take advantage of a situation where they might be alone with the child.

This is no different than saying there is not any function, anywhere, at another church, at any time if he would ever go to church, he could be subjected to the same thing. You could say that's any opportunity, whether it is a 15, 16 year-old or a six-year-old. Now, if in fact, he is in another church and he is alone with a six-year-old or ten-year-old or whatever, in the basement, then that's the kind of opportunity, perhaps, that I think that the statutes contemplate, but not so broad a definition or interpretation as the State's arguing, here.

The court acknowledged the similarities and dissimilarities between these two cases, but ultimately decided to conditionally admit the evidence. The court stated that it was going to leave it up to the parties as to how this evidence will be presented to the jury.

A subsequent hearing was held on this issue on February 18, 1997. At that hearing, the court began by reiterating its decision not to admit the conviction to establish motive, but that it would allow it to show opportunity or plan if there was "an adequate showing of similarity" between the two situations.

Davidson's attorney again opposed the use of this evidence. He stated that the State wanted to introduce this evidence to show that in both situations there was a potential risk of getting caught, and that Davidson got some sort of thrill out of possibly getting caught. He argued, however, that there was no expert evidence that would support this argument, and the conviction should not be admitted to support an improper argument.

The court responded to this concern by stating that the State was not permitted to argue propensity, plan, or scheme. However, the court did retreat from its prior statement that the conviction could not be used to show motive. The court stated that it previously was not going to admit the evidence if it was only going to be used to establish motive, but now that the evidence was going to be admitted to establish opportunity or plan, it would allow it to be used to establish motive as well. The court again left it up to the parties to draft a stipulation regarding the admission of the conviction, and it also stated that the parties should draft jury instructions that they wanted read limiting the use of the evidence.

The trial court admitted the evidence for the purpose of establishing motive, opportunity, and plan, which are all permissible purposes under RULE 904.04(2), STATS. While we question how the conviction establishes opportunity or plan, we conclude that under the "greater-latitude rule" we must be more leni-

ent in deciding whether the evidence falls within one of the permissible exceptions listed in RULE 904.04(2). Moreover, the supreme court has specifically held that prior convictions for sexual assault may be used to establish motive. *See Plymesser,* 172 Wis. 2d at 593, 493 N.W.2d at 372; *Fishnick,* 127 Wis. 2d at 260–1, 378 N.W.2d at 279. As a result, we conclude that the conviction satisfies the first step in the *Sullivan* analytical framework.

■ While the "greater latitude rule" influences our decision as to the first step in the analysis, it is not to influence our decision regarding whether the evidence is probative or unfairly prejudicial. *See Plymesser,* 172 Wis. 2d at 598, 493 N.W.2d at 374. The first inquiry is whether the prior conviction has probative value. In other words, whether the evidence has a tendency to make a consequential fact more or less probable than it would be without the evidence. *Sullivan,* 216 Wis. 2d at 786, 576 N.W.2d at 38. The probative value of other acts evidence depends on the other incident's nearness in time, place and circumstances to the alleged crime or to the fact or proposition sought to be proved. *See Whitty,* 34 Wis. 2d at 294, 149 N.W.2d at 564. *Sullivan* notes:

> Since it is the improbability of a like result being repeated by mere chance that carries probative weight, the probative value lies in the similarity between the other act and the charged offense. The stronger the similarity between the other acts and the charged offense, the greater will be the probability that the like result was not repeated by mere chance or coincidence. . . .
>
> The required degree of similarity between the other act and the charged offense and the required

> number of similar acts cannot be formulated as a general rule. The greater the similarity, complexity, and distinctiveness of the events, the stronger the case for admission of the other acts evidence. How many similar events are enough depends on the complexity and relative frequency of the event rather than on the total number or occurrences.

*Id.* at 786–87, 576 N.W.2d at 38–39 (citations omitted).

We conclude that the trial court did not adequately articulate how this evidence is probative. Most of the discussion at the hearing concerned the exception under which this evidence should be applied, and not whether the evidence was probative. Because the trial court did not explain why it believed that this conviction is probative, we will independently review the record and determine if it provides a basis for the trial court's decision.

In this case, there are two incidents at issue: the prior incident with the six-year-old at the church and the alleged incident with the thirteen-year-old in the camper. The State points out the following similarities between the cases: (1) the defendant touched the victims between the legs; (2) the defendant found vulnerable victims; (3) the defendant selected an environment in which discovery of the act was not inevitable, but was more than a mere possibility.

We are not persuaded by these last two similarities. While both victims were undoubtedly vulnerable because of their size and age, there are distinctions regarding the extent of that vulnerability. A six-year-old confronted by a stranger in a relatively isolated area of a church is arguably much more vulnerable than a thirteen-year-old confronted by her uncle with her family members four to five feet away. As far as likelihood of discovery, there is a considerable differ-

ence between a situation in which four family members and a dog are four or five feet away, and a situation in which a number of people are upstairs in church services or down the hall in a separate room. We conclude that the dissimilarities out-number the similarities in these two cases.

The State's comparison involves only one other incident, which occurred ten years earlier, not a series of incidents. *Cf. Sullivan*, 216 Wis. 2d at 788, 576 N.W.2d at 39 (fact that there was only one prior incident contributed to decision that other acts evidence was not probative). The only similarity between the two incidents is that both girls were allegedly touched between their legs, an unfortunately common occurrence in sexual assault cases. We are required to find similarities to support the trial court's decision to admit the prior conviction; however, we may not create or substantiate similarities that are tenuous or nonexistent. We conclude that Davidson's prior conviction was not probative of his motive, opportunity, or plan, and that the trial court erroneously exercised its discretion in admitting the other acts evidence. Having concluded that the evidence is not probative or material, it is unnecessary for us to address whether the prejudicial effect of the evidence outweighs its probative value.

Davidson also argues that the trial court's decision to admit evidence of his prior conviction was not harmless error. He contends that the error was highly prejudicial and possibly resulted in his conviction. The State does not respond to this assertion. If a respondent does not refute an assertion made by the appellant, he or she is considered to have acquiesced to

it. *See Charolais Breeding Ranches, Ltd. v. FPC Securities Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493, 499 (Ct. App. 1979).

### CONCLUSION

While the "greater latitude rule" guides our decision as to whether Davidson's prior conviction falls within an exception to the rule against using other acts evidence, it does not require that we find non-probative evidence to be probative. In this case, there was only one prior incident, and it occurred ten years earlier. Furthermore, there were few similarities between the two incidents. As a result, we conclude that Davidson's conviction failed the second step in the *Sullivan* analytical framework. Therefore, we reverse and remand this cause for a new trial.

*By the Court.*—Judgment reversed and cause remanded with directions.

ROGGENSACK, J. *(dissenting).* The admission of other acts evidence is a discretionary determination. *See State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498, 501 (1983). When reviewing a circuit court's exercise of discretion, we decide whether the court applied the proper legal standard in accord with the facts of record. We do not reverse a circuit court's exercise of discretion if it applies the proper legal standard and reaches a conclusion that a reasonable court could reach, even if it is not one which we would have reached. *See State v. Plymesser*, 172 Wis. 2d 583, 591, 493 N.W.2d 367, 371 (1992). Because I conclude that this court has not applied the appropriate standard of review to the circuit court's decision, which standard, if

correctly applied, would require an affirmance of the circuit court's decision, I respectfully dissent.

Davidson was convicted of second-degree sexual assault of a child, contrary to § 948.02(2), STATS., which establishes, "Whoever has sexual contact . . . with a person who has not attained the age of 16 years is guilty of a Class BC felony." Sexual contact is defined in § 948.01(5)(a), STATS., to include, "[i]ntentional touching . . . of the complainant's . . . intimate parts if that intentional touching is . . . for the purpose of . . . sexually arousing or gratifying the defendant."

It is the State's position, that in both the 1985 incident and the 1995 incident, Davidson's acts were for the purpose of sexual arousal or gratification. All occurred with young, vulnerable female children, who, at the time of the assaults, were located in an environment where Davidson's contacts with them were risky because of the potential for discovery. The circuit court, in ruling on Davidson's motion to exclude evidence of the 1985 incident, examined whether it was offered for a proper purpose under § 904.04(2), STATS., and concluded that Davidson's 1985 unlawful sexual contact could properly be received to show motive,[1] opportunity or plan. The majority agrees with this determination, as do I. *See State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998).[2] However, the majority

---

[1] Motive is related to a "purpose" to obtain sexual arousal or gratification, an element of the crime which the State must prove. *State v. Plymesser*, 172 Wis. 2d 583, 593–94, 493 N.W.2d 367, 372 (1992).

[2] The evidence must be: (1) offered for a purpose that is acceptable under § 904.04(2), STATS.; (2) relevant to an issue in dispute; and (3) of probative value that is not outweighed by unfair prejudice. *State v. Sullivan*, 216 Wis. 2d 768, 772–73, 576 N.W.2d 30, 32–33 (1998).

then concludes that evidence of the 1985 sexual contact does not meet the second part of the *Sullivan* test because the 1985 contact is not relevant to an issue the State must prove. It so concludes based on its reasoning that "Davidson's prior conviction was not probative of his motive, opportunity, or plan," to commit the 1995 sexual assault because the two assaults are not similar enough.

In this regard, the circuit court reasoned that the type of sexual contacts which occurred, touching the victims between their legs; the vulnerability of the victims; and the defendant's selection of an environment where his contact was risky because of the potential for discovery, were similar and tended to prove a motive, opportunity or plan to achieve sexual gratification or arousal contrary to law. The majority opinion concludes that the last two similarities identified by the circuit court are not sufficiently similar to be relevant. I disagree and conclude that this court's analysis is simply a substitution of its discretionary decision making for that of the circuit court, contrary to our established standard of review for discretionary determinations.

For example, the majority opinion analyzes the comparative vulnerability of the six-year-old victim with that of the thirteen-year-old victim, largely based on their age differences. Certainly, their ages are a factor to consider. And, I agree that a six-year-old girl confronted by a stranger in the lower area of a church, with meetings taking place on that level, as well as upstairs, was vulnerable because no adults she knew were with her at the drinking fountain; however, a thirteen-year-old girl who is being prayed upon by a trusted family member after he has given her four to six glasses of wine and she has fallen asleep, is an

equally vulnerable child. Additionally, in both circumstances, others could have been summoned by a yell or a scream from the victim. Surely, Davidson must have been aware of this possibility. Therefore, it was not unreasonable for the circuit court to conclude that Davidson's unusual choices of locations for both assaults were relevant to his motive, plan or opportunity to achieve sexual arousal or gratification.

Furthermore, the circumstances of Davidson's 1985 sexual assault are not any more dissimilar from those of the 1995 sexual assault than the prior acts whose admission was affirmed by the supreme court in *Plymesser*. There, a sexual assault which occurred twelve years earlier, with a victim who was seven years old, was admitted. The victim of the conviction under review in *Plymesser* was thirteen years old. The supreme court concluded that the following similarities were sufficient to admit the prior acts evidence: (1) the defendant had been drinking prior to each occurrence; (2) both victims were female children; and (3) the assaults were perpetrated on the children of friends. Therefore, though age and remoteness of time may be factors to consider in determining if the evidence is relevant, the weight to be given those factors is a determination about which reasonable courts could disagree; and therefore, that decision is well within the circuit court's discretion. *See Plymesser*, 172 Wis. 2d 583, 493 N.W.2d 367.

The majority opinion does not address whether the circuit court properly applied the third *Sullivan* factor, that of unfair prejudice. However, all evidence that cuts against Davidson's defense is prejudicial to his interests. Indeed one could argue that if the proffered evidence were not prejudicial, it would not be relevant to the State's case. Section 904.04(2), STATS., as

explained by *Sullivan,* does not require the exclusion of all prejudicial evidence, only that which is *unfairly* prejudicial. Unfair prejudice occurs when the evidence tends to influence the jury by improper means or to inflame their passions. *Sullivan,* 216 Wis. 2d at 789, 576 N.W.2d at 40. Davidson's 1985 sexual contact was not the type of sexual contact that would inflame a jury, and the jury was informed of his prior act by a written stipulation, to assure it was not presented in an inflammatory manner. Furthermore, as the State correctly points out, the circuit court gave a cautionary instruction that limited the jury's use of this prior acts evidence. Cautionary instructions that are narrowly tailored to the purposes for which the evidence may be considered are favored when a circuit court admits prior acts evidence. *Id.* at 791, 576 N.W.2d at 40 (quoting *State v. Mink,* 146 Wis. 2d 1, 17, 429 N.W.2d 99, 105 (Ct. App.1988) (further citations omitted).

Because I conclude that the circuit court applied the proper legal standard and that it did not unreasonably conclude that Davidson's 1985 unlawful sexual contact satisfied all three elements required by *Sullivan* for the admission of prior acts evidence, I respectfully dissent.