STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark K. ABRAMOFF, Defendant-Appellant.

Court of Appeals

*No. 82–1679–CR. Submitted on briefs May 9, 1983.—*
*Decided July 5, 1983.*
(Also reported in 338 N.W.2d 502.)

For the appellant the cause was submitted on the briefs of *Sutton & Kelly* and *Robert E. Sutton* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Mark Abramoff appeals his conviction, after a non-jury trial, of possessing marijuana with intent to deliver in violation of sec. 161.01(4), Stats. The issues are (1) whether Abramoff lacks standing to challenge the search of his car, which was done while his companions were driving the car from Florida to Wisconsin, and (2) whether the evidence supports the court's conclusion of no entrapment. Because the trial court correctly concluded that Abramoff had no legitimate expectation of privacy in the seized car and because there is sufficient credible evidence to support the trial court's conclusion of no entrapment, we affirm.

At the suppression hearing, Abramoff testified that in early February, 1980, he permitted his roommate, Mike Hagen, to drive his car to Florida. Abramoff later flew

to Florida and met his other roommate, Sonny Grauer, and Hagen. Abramoff stated that he observed Hagen place approximately ninety-eight pounds of marijuana into his car's trunk. He then allowed Hagen and Grauer to drive his car back to Wisconsin while he returned by plane. Abramoff acknowledged that he owned the marijuana and the car.

Authorities stopped Hagen and Grauer in Kentucky, where they seized the marijuana in the car. Two Waukesha detectives flew to Kentucky and interviewed Hagen and Grauer, who stated that Abramoff instructed them to drive his car back to their Wisconsin residence with the marijuana. The detectives instructed them to deliver the marijuana as had been agreed upon in Florida. The detectives observed Hagen and Grauer return the car to their Wisconsin residence, where Abramoff moved the marijuana from his car to a jeep. The detectives later arrested Abramoff and, after obtaining a search warrant, seized the marijuana from the jeep.

Abramoff challenged the seizure of the marijuana in Kentucky. The trial court concluded that under the totality of the circumstances, Abramoff had no reasonable or legitimate expectation of privacy in his car when the marijuana was seized in Kentucky.

Abramoff contends that he has automatic standing to challenge the Kentucky search of his car because he owns the property searched and is charged with a crime for possessing the seized items. He argues that his fourth amendment right under the United States Constitution is not forfeited simply because he was not present during the search. We disagree.

The "automatic standing" rule of *Jones v. United States,* 362 U.S. 257 (1960), has been abolished by the United States Supreme Court in *United States v. Salvucci,* 448 U.S. 83 (1980), and by the Wisconsin Supreme

Court in *State v. Callaway*, 106 Wis. 2d 503, 519–20, 317 N.W.2d 428, 437 (1982). While property ownership is a factor to be considered in determining whether an individual's rights under either the United States or Wisconsin Constitutions have been violated, an illegal search only violates the rights of those who have a legitimate expectation of privacy in the searched area. *Salvucci*, 448 U.S. at 91–92.

The primary objective of the fourth amendment is protection of privacy. *Cardwell v. Lewis*, 417 U.S. 583, 589 (1974). The question before the trial court and on appeal is whether Abramoff had a legitimate expectation of privacy in his vehicle that was searched in Kentucky. On appeal, the trial court's factual findings will be sustained unless clearly erroneous. Section 805.17 (2), Stats. The trial court's conclusion, however, that these facts did not give rise to an individual's legitimate expectation of privacy is a question of law, which we independently review. *State v. Wisumierski*, 106 Wis. 2d 722, 734, 317 N.W.2d 484, 490 (1982).

Whether Abramoff had a legitimate expectation of privacy depends on a variety of factors, including those our supreme court listed in *State v. Fillyaw*, 104 Wis. 2d 700, 711–12 n. 6, 312 N.W.2d 795, 801 n. 6 (1981):

(1) Whether one had a property interest in the premises;
(2) Whether one is legitimately (lawfully) on the premises;
(3) Whether one had complete dominion and control and the right to exclude others;
(4) Whether the person took precautions customarily taken by those seeking privacy;
(5) Whether the property was put to some private use;
(6) Whether the claim of privacy is consistent with historical notions of privacy.

Here, the trial court found that Abramoff owned the searched car and seized marijuana. Abramoff had surrendered complete dominion and control of his vehicle and its contents to Hagen and Grauer for a journey of substantial distance and time. He was not present when the car was searched. These factual findings are supported by the record and are therefore not clearly erroneous.

We have not found, nor have the parties cited, any Wisconsin cases where a defendant owns the searched car and has a possessory interest in the seized contraband, but has completely surrendered dominion and control of the car and its contents to third parties for a substantial time and distance. In *Rawlings v. Kentucky*, 448 U.S. 98 (1980), the defendant entrusted drugs to a companion who placed them in her purse. The authorities subsequently seized the drugs from the purse. The United States Supreme Court concluded that the defendant did not have a reasonable expectation of privacy in the purse even though he remained in the immediate presence of the companion. It must be noted, however, that in *Rawlings*, the defendant did not own the purse.

Other courts have considered factual situations similar to this case. Although their decisions are not binding on this court, we find them persuasive. In *State v. Cribbs*, 406 So 2d 1295 (Fla App 1981), the police responded to a call reporting a prowler and found a car with a driver matching a witness' description. The man was arrested, and the police discovered a shotgun under the driver's seat. Cribbs, who owned the car, was not present, but was charged with armed robbery. The court concluded that because Cribbs allowed the other man to exclusively possess his car, he had no expectation of privacy and therefore had no standing to challenge the search of his car. In *United States v. Barry*, 673 F2d 912, 919 (6th Cir 1982), the court held that a defendant

has no reasonable expectation of privacy in a package of drugs being sent through a private express company. The court noted that when a defendant consigns drugs to a third person for shipment, he has released all control over the items that could lead to his arrest if they are exposed.

In this case, Abramoff gave complete control of his car and its contents to third parties for a substantial time and distance. The possibility that the drugs might be exposed because of an accident or as a result of the third parties' conduct is a risk that Abramoff must have or should have considered when deciding to use the third parties' services. The marijuana was placed in his car's trunk without any special precautions. His decision to surrender control over his automobile and the marijuana could only serve to reduce his expectation of privacy. We therefore agree with the trial court's conclusion that under these circumstances, Abramoff had no reasonable or legitimate expectation of privacy in the car at the time of the search in Kentucky.

Abramoff also argues that there was entrapment because the marijuana was transported from Kentucky to Wisconsin at the instance of the law enforcement officers and under their control for the express purpose of placing the marijuana in his possession. The entrapment defense is based on the theory that an accused should not be convicted if the criminal design originated in the government agent's mind and, except for the agent's urging, the accused would not have committed the crime. There is no entrapment when the government agent merely furnishes an opportunity for the commission of the offense. *State v. Hochman*, 2 Wis. 2d 410, 414–15, 86 N.W. 2d 446, 449 (1957). The burden of proof is on the defendant to show by a preponderance of the evidence that

the inducement occurred, and the state must then prove beyond a reasonable doubt that the accused had a prior disposition to commit the crime. *Hawthorne v. State,* 43 Wis. 2d 82, 91, 168 N.W.2d 85, 89 (1969).

The evidence supports the trial court's findings that the plan to possess marijuana with intent to deliver originated with Abramoff and that he was predisposed to commit the offense. The detectives in Kentucky merely told Hagen and Grauer to deliver the marijuana to Abramoff's residence as originally planned. Abramoff also admitted to previous purchases for resale of large quantities of marijuana ranging in size from 80 to 195 pounds.

Additionally, the trial court rejected as incredible Abramoff's testimony that he had no commercial interest in transporting the marijuana and that he was attempting to dispose of the marijuana on the inducements of Hagen and Grauer rather than intending to sell it. It is the trial court's responsibility to determine Abramoff's credibility as a witness and the weight to be given his testimony. *State v. Kennedy,* 105 Wis. 2d 625, 634, 314 N.W.2d 884, 888 (Ct. App. 1981). Once the trial court rejected Abramoff's testimony, there was no evidence to support his entrapment argument. The court therefore correctly concluded that there was no entrapment.

*By the Court.*—Judgment affirmed.