STATE of Wisconsin, Plaintiff-Respondent,

v.

James B. SHILLCUTT, Defendant-Appellant.†

Court of Appeals

*No. 83–528–CR. Submitted on briefs September 22, 1983.—
Decided November 2, 1983.*
(Also reported in 341 N.W.2d 716.)

† Petition to review granted.

228

For the defendant-appellant the cause was submitted on the briefs of *Mark Lukoff*, first assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *David J. Becker*, assistant attorney general.

Before Scott, C.J., Brown, P.J., and Voss, J.

SCOTT, C.J.    James B. Shillcutt appeals from a judgment of conviction, after a trial by jury, of soliciting prostitutes, contrary to sec. 944.32, Stats., and keeping a place of prostitution, contrary to sec. 944.34(2). The trial court sentenced Shillcutt to two consecutive five-year terms of imprisonment.

Shillcutt is a black male. The primary prosecution witness, Melody Plante, is a white female. At the time Shillcutt first met Plante, she was seventeen years old. The trial court permitted, through the testimony of Plante, the introduction of other crimes evidence concerning Shillcutt and Plante during 1979.

Subsequent to trial, an affidavit was filed with the trial court regarding certain remarks made by jurors during deliberations. According to a member of the jury, one of the remarks made fifteen to twenty minutes before the end of deliberations was, "Let's be logical, he's a black, and he sees a seventeen year old white girl—I know the type." Another juror allegedly agreed with the statement. At a post-trial hearing, the trial court heard testimony about this statement but declined to find by clear and satisfactory evidence that the statement was prejudicial to a hypothetical juror.

The primary issue before us is whether this statement made during jury deliberations provides sufficient evidence of jury misconduct to impeach the verdict.

On appeal, Shillcutt argues that a new trial is warranted in this case both because the juror's statement made during deliberations constitutes extraneous information sufficient to prejudice a hypothetical juror and because the trial court erroneously permitted the introduction of other crimes evidence involving Shillcutt and a key prosecution witness. We disagree with both arguments. Because we conclude that the statement made during deliberations is of the type which a juror is not competent to testify to as provided by sec. 906.06(2), Stats., any additional inquiry into prejudicial effect is foreclosed. Because we conclude that the other crimes evidence was relevant and more probative than prejudicial, no reversible error was made in admitting it. Therefore, we reject Shillcutt's request for a new trial.

When considering an issue of verdict impeachment, based on possible consideration of extraneous prejudicial information, application of a three-part test is required. The evidence brought to the trial court's attention must be examined to determine if it (1) is competent; (2) shows sufficient substantive grounds to overturn the verdict, and (3) shows resulting prejudice. *After Hour Welding, Inc. v. Laneil Management Co.,* 108 Wis. 2d 734, 738, 324 N.W.2d 686, 689 (1982).

The first part of the test, that regarding the competency of the evidence, is governed by sec. 906.06(2), Stats.[1] Section 906.06(2) "is virtually identical to Rule

---

[1] Section 906.06(2), Stats., reads:
INQUIRY INTO VALIDITY OF VERDICT OR INDICTMENT. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions

606 (b) of the Federal Rules of Evidence, which codifies the common law as it has developed in many jurisdictions." *Id.* at 739, 324 N.W.2d at 689. When a state statute is modeled after a federal rule, we look to the federal interpretation of the rule for guidance and assistance.

The federal courts have developed two lines of cases as to what constitutes extraneous prejudicial information. The first line of cases deals with extraneous prejudicial information brought into the jury's deliberations through, for example, newspaper articles, *Marshall v. United States,* 360 U.S. 310 (1959) ; comments by bailiff to jury, *Parker v. Gladden,* 385 U.S. 363 (1966) ; prejudicial information about the defendant known by a juror prior to the trial, *United States ex rel. Owen v. McMann,* 435 F.2d 813 (2d Cir. 1970), *cert. denied,* 402 U.S. 906 (1971). *See generally Government of the Virgin Islands v. Gereau,* 523 F.2d 140, 149 nn. 23–25 (3d Cir. 1975), *cert. denied,* 424 U.S. 917 (1976). A juror is competent to testify about such information under the exception in Federal Rules of Evidence, Rule 606 (b).

The second line of cases concludes that jurors are not competent under the Federal Rules of Evidence to testify to statements manifesting the subjective prejudices, improper motives or mental processes of other jurors. *United States v. Duzac,* 622 F.2d 911, 913 (5th Cir.), *cert. denied,* 449 U.S. 1012 (1980). *See also Martinez v. Food City, Inc.,* 658 F.2d 369, 373 (5th Cir. 1981)

as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received.

(juror stated that defendant "should be taught a lesson" for hiring Mexican nationals holding green cards). Such statements by a juror do not constitute "extraneous prejudicial information" about which another juror is competent to testify.

Our supreme court has indicated this line of reasoning (that a juror is not competent to testify about the improper motives or subjective prejudices of other jurors) is to be followed in Wisconsin. In *After Hour Welding,* the court states:

The concern for fairness to the parties and monitoring the integrity of the judicial system leads us to conclude that a trial court may, in appropriate circumstances, consider allegations that extraneous prejudicial remarks were made to jurors which were not a part of the judicially guarded evidence they received. *The court must not inquire into the jurors' mental processes, including the effect such remarks had. The matter must be resolved in favor of maintaining juror secrecy and not intruding into the mental processes of the jurors.* [Emphasis added.]

*Id.* at 739, 324 N.W.2d at 690.[2]

---

[2] The defendant contends that certain language in *After Hour Welding* clouds the certainty of this traditional position and suggests that any racial remark made by a juror during deliberations constitutes an extraneous prejudicial remark about which another juror is competent to testify. The defendant's position was based on the following language in *After Hour Welding:*

Whenever it comes to the trial court's attention that a jury verdict may have been the result of any form of prejudice based on race, religion, gender or national origin, judges should be especially sensitive to such allegations and conduct an investigation to "ferret out the truth." For even if only one member of a jury harbors a material prejudice, the right to a trial by an impartial jury is impaired. . . . Trial courts should do all within their means to ensure that verdicts have not been compromised by jurors who harbor prejudice towards any minority. [Citations omitted.]

*Id.* at 739–40, 324 N.W.2d at 690. Because of the defendant's argument, we certified this case to the supreme court. The denial

Based on this analysis of the issue, we conclude that the remarks made by this juror were not extraneous prejudicial information under sec. 906.06(2), Stats., but, rather, evidence of subjective prejudices and mental processes. The statement made by the juror reflects nothing more than what would be apparent to anyone who observed the trial. The evidence showed that Shillcutt is a black male and that Ms. Plante is a white female who was seventeen at the time they met. Any connection made or connotation derived from these facts constitutes nothing more than mental processes or perhaps, unfortunately, evidence of subjective prejudice. Under sec. 906.06(2) and the cases interpreting this rule, neither is a competent subject about which another juror may testify.[3]

Inquiring into and elimination of subjective prejudices from a trial is more appropriately a function of the voir dire. Although it is always necessary to consider the question of fairness to the litigants, strong policy concerns require that this be balanced with a strict regard for the finality of jury deliberations. "Jury verdicts are not to be impeached easily, nor are they to be questioned without clear and convincing proof that extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." *After Hour Welding* at 744, 324 N.W.2d at 692.

The other crimes evidence admitted at trial, over the objection of defense counsel, consisted of circumstances

---

of the certification reinforces our view that this language is dicta, and the law in Wisconsin continues to follow the federal line of cases.

[3] Therefore, in this case, the trial court was not required to hold the post-trial hearing to inquire into the potential prejudicial effect upon a hypothetical juror.

of the defendant's prior relationship with prosecution witness Melody Plante. This evidence included testimony concerning his earlier solicitation of her to practice prostitution and his physical abuse of her. The trial court admitted this evidence to establish the background relationship between Shillcutt and the witness. The trial court also specifically instructed the jury, prior to introduction of this testimony, that the evidence was not to be used as proof that the defendant had committed the crimes charged. We conclude this evidence was properly admitted.

In determining whether to admit other crimes evidence, a trial court must apply a two-part test. First, the trial court must find that the offered evidence fits an exception under sec. 904.04(2), Stats.[4] Second, it must exercise its discretion under sec. 904.03[5] to determine whether the evidence is more prejudicial than probative. *State v. Alsteen*, 108 Wis. 2d 723, 729, 324 N.W.2d 426, 429 (1982).

In this case, the record indicates that the trial court did not specifically follow this procedure in admitting this evidence. Although the trial court did provide a reason for allowing the evidence, it did not specifically

---

[4] Section 904.04(2), Stats., reads:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

[5] Section 904.03, Stats., provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

identify an exception under sec. 904.04(2), Stats. In addition, the trial court did not provide a reasoned explanation that the evidence was more probative than prejudicial under sec. 904.03. Therefore, we must independently review the evidence to determine if it supports the trial court's decision to admit the other crimes evidence. *Id.* at 728, 324 N.W.2d at 428.

Section 904.04(2), Stats., specifically excludes evidence of other crimes, wrongs or acts only when offered "to prove the character of a person in order to show that he acted in conformity therewith." The evidence in this case was not offered for this purpose but, rather, as the trial court instructed the jury, "solely for the purposes of establishing the background relationship between Miss Plante and Mr. Shillcutt."

Section 904.04(2), Stats., does not prohibit the admission of other crimes evidence if *"offered for other purposes, such as* proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Emphasis added.) We hold, as did the courts interpreting Rule 404(b) of the Federal Rules of Evidence, that the listing of circumstances under sec. 904.04(2) for which the evidence is relevant and admissible is not exclusionary but, rather, illustrative. *See United States v. Woods,* 484 F.2d 127, 134 (4th Cir. 1973), *cert. denied,* 415 U.S. 979 (1974). Also, as did the federal courts, we hold that an "accepted basis for the admissibility of evidence of other crimes arises when such evidence 'furnishes part of the context of the crime' or is necessary to a 'full presentation' of the case . . . ." *United States v. Masters,* 622 F.2d 83, 86 (4th Cir. 1980) (footnotes omitted). We find that the purpose for which the evidence was admitted in this case meets this basis. Given the nature of the charge against the defendant and the testimony that had been intro-

duced up to that point, the other crimes evidence, admitted to establish the background relationship between the witness and the defendant, was necessary to fully understand the context of the case.[6]

Regardless of whether the evidence is admissible under an exception to sec. 904.04(2), Stats., the trial court must still exercise its discretion to determine whether any resulting prejudice outweighs the probative value. Sec. 904.03; *State v. Spraggin,* 77 Wis. 2d 89, 95, 252 N.W.2d 94, 97 (1977). Here, the State concedes that the trial court did not explicitly determine that the probative value of the evidence outweighed its prejudicial effect. However, as the State also points out, such an exercise of discretion was implicitly made by the trial court at the motion hearing held on November 12, 1982 to determine, among other questions, the admissibility of other crimes evidence introduced by means of the testimony of Plante and another prosecution witness, Lee Jackson.[7] In addition, this discretion was also implicitly exercised at trial when the trial court denied defense counsel's renewed motion to exclude Plante's testimony as to other crimes evidence.[8]

---

[6] As pointed out in the State's brief, this evidence was necessary to fully understand the meaning of two statements allegedly made by the defendant: (1) that Miss Plante "come back to work for him," and (2) that if she returned "things would be different."

[7] At the pretrial hearing, the trial court denied the State's attempt to admit other crimes evidence through the testimony of Lee Jackson as being more prejudicial than probative and as not falling under one of the other crimes evidence exceptions. Later, during the hearing, the trial court ruled that other crimes evidence to be presented through testimony of Melody Plante was admissible as to the relationship between the defendant and the victim, Miss Plante.

[8] The trial court again denied the defendant's attempt to exclude the evidence but indicated that a cautionary instruction with regard to use of the evidence was a "good suggestion." Considera-

Regardless of the extent of the trial court's reasoning, we will uphold a discretionary decision if there are facts in the record which would support the trial court's decision had it fully exercised its discretion. *Hammen v. State,* 87 Wis. 2d 791, 800, 275 N.W.2d 709, 714 (1979). Our discussion of the first prong of the test indicates that the evidence was probative on the issue of understanding the background relationship between Plante and the defendant and of putting into context a number of testimonial statements which were important to the State's case. The evidence was also arguably probative on the issue of the defendant's intent.

Although prejudicial by its nature, the prejudicial effect of this evidence was not such as to require exclusion under sec. 904.03, Stats. In addition, the cautionary instruction read to the jury prior to introduction of Plante's testimony sufficiently tempered the prejudicial effect of this evidence so as to allow its admissibility. If an admonitory instruction is properly given by the court, prejudice to a defendant is presumed erased from the jury's mind. *State v. Williamson,* 84 Wis. 2d 370, 391, 267 N.W.2d 337, 347 (1978). Given the probative value of this evidence and the amelioration of its prejudicial effect by the use of a cautionary instruction, we conclude that the trial court did not abuse its discretion in admitting the other crimes evidence.

*By the Court.*—Judgment affirmed.

tion of and eventual use of this cautionary instruction supports the proposition that the trial court was aware of the probative value and prejudicial effect of this evidence.