STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven P. MUCKERHEIDE,
Defendant-Appellant-Petitioner.

Supreme Court

*No. 2005AP81–CR. Oral argument October 31, 2006
—Decided January 17, 2007.*

2007 WI 5

(Also reported in 725 N.W.2d 930.)

554

555

For the plaintiff-appellant-petitioner there were briefs by *Mark S. Rosen* and *Rosen and Holzman, Ltd.,* Waukesha, and oral argument by *Mark S. Rosen.*

For the plaintiff-respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. N. PATRICK CROOKS, J. This is a review of an unpublished decision of the court of appeals affirming a judgment of the Circuit Court for Milwaukee County, Judge Mary Kuhnmuench, convicting Steven P. Muckerheide (Muckerheide) of homicide by use of a motor vehicle while having a prohibited blood alcohol concentration, contrary to Wis. Stat. §§ 940.09(1)(b) and (1c)(b)(2002–04).[1] This case involves the admissibility of evidence of the victim's prior acts (other acts evidence), pursuant to Wis. Stat. § 904.04(2).

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 2. In circuit court, Muckerheide offered a defense under Wis. Stat. § 940.09(2)(a),[2] claiming that the victim, Michael Braun (Braun), would have been killed even if Muckerheide had been exercising due care and had not been under the influence of any drugs or alcohol. Muckerheide sought to prove that Braun had grabbed the steering wheel just prior to the accident, and that the accident had occurred when Muckerheide was trying to steer the vehicle to counteract Braun's pulling on the wheel.

¶ 3. The other acts evidence in question was the testimony of Braun's father. In support of Muckerheide's defense under Wis. Stat. § 940.09(2)(a), Muckerheide wished to offer the testimony of Braun's father that Braun had, on prior occasions, gestured as if to grab the steering wheel of his father's vehicle and, on one occasion, had actually grabbed the wheel. The circuit court held that such other acts evidence was inadmissible, and the court of appeals affirmed that ruling and the circuit court's judgment of conviction.

¶ 4. Muckerheide presents three issues for review. The first issue is whether the court of appeals erred when it affirmed the circuit court's decision that the other acts evidence offered by Muckerheide was inadmissible. The second issue is whether the court of appeals erred when it decided not to apply case law from another jurisdiction. The third issue is whether

---

[2] Wisconsin Stat. § 940.09(2)(a) states:

In any action under this section, the defendant has a defense if he or she proves by a preponderance of the evidence that the death would have occurred even if he or she had been exercising due care and he or she had not been under the influence of an intoxicant, did not have a detectable amount of a restricted controlled substance in his or her blood, or did not have an alcohol concentration described under sub. (1)(b), (bm), (d) or (e) or (1g)(b) or (d).

Muckerheide's constitutional right to present a defense was violated.

¶ 5. We hold that the court of appeals was not in error in affirming the circuit court's decision not to admit the testimony of Braun's father offered by Muckerheide. We hold that such testimony was inadmissible. Muckerheide's argument was to the effect that, since Braun had allegedly grabbed the steering wheel on one occasion in his father's vehicle, he must have grabbed the steering wheel from Muckerheide on the occasion of the accident. Such testimony is prohibited under Wis. Stat. § 904.04(2).

¶ 6. Under the analytical framework set forth in *State v. Sullivan*, 216 Wis. 2d 768, 771–72, 576 N.W.2d 30 (1998), such other acts evidence was inadmissible, since it lacked relevance. The court of appeals therefore properly upheld the circuit court's decision to bar the admission of the other acts evidence from Braun's father, although the court allowed testimony from Muckerheide himself that Braun had grabbed the steering wheel and, thus, caused the accident.

■

¶ 7. We further hold that the court of appeals did not err when it decided not to apply case law from another jurisdiction, the State of Washington. Although a Wisconsin court may consider case law from such other jurisdictions, obviously such case law is not binding precedent in Wisconsin, and a Wisconsin court is not required to follow it. *Beecher v. LIRC*, 2003 WI App 100, ¶ 16 n.3, 264 Wis. 2d 394, 663 N.W.2d 316.

¶ 8. Finally, we hold that Muckerheide's constitutional right to present a defense was not violated by the exclusion of the testimony from Braun's father. For these reasons, the decision of the court of appeals is affirmed.

I

¶ 9. On July 17, 2003, Muckerheide was driving a vehicle on the way to a tavern, and Braun was riding in the front passenger seat. On the way to the tavern, the front passenger side of Muckerheide's vehicle hit a parked construction trailer, and Braun was killed in the accident. Muckerheide testified at trial that he had been speeding, and also that he had been drinking beer and had used cocaine prior to the accident. Tests taken after the accident revealed that Muckerheide's blood alcohol concentration was .179. Muckerheide testified at trial that Braun also had been drinking and using cocaine that day.

¶ 10. Muckerheide was charged with homicide by use of a motor vehicle while operating with a prohibited alcohol concentration, contrary to Wis. Stat. §§ 940.09(1)(b) and (1c)(b).[3] Muckerheide offered a defense under Wis. Stat. § 940.09(2)(a) and, in support of his defense, filed a motion before trial to admit the testimony of Braun's father. Braun's father was to testify that Braun was a nervous passenger who had, on several prior occasions, gestured toward the steering wheel of his father's vehicle. Braun also allegedly had grabbed the steering wheel of his father's vehicle on one occasion the previous year, when he perceived that his father's vehicle was coming too close to a safety island.

---

[3] Muckerheide was also charged with an additional count of homicide by intoxicated use of a motor vehicle, contrary to Wis. Stat. §§ 940.09(1)(a) and (1c)(b), and was found guilty on the additional count. However, the circuit court held at sentencing that Muckerheide could not be convicted on both of the counts for the same conduct. The circuit court therefore dismissed the count of homicide by intoxicated use of a motor vehicle.

¶ 11. Muckerheide argued that the testimony of Braun's father was admissible as evidence of habit pursuant to Wis. Stat. § 904.06, and as permissible evidence of other acts pursuant to Wis. Stat. § 904.04. The State of Wisconsin (State) objected to the testimony of Braun's father, arguing that the offered evidence was not sufficiently similar to the crash involving Muckerheide. The State asserted that Muckerheide never alleged that he had lost control of the vehicle while trying to prevent Braun from grabbing the steering wheel. The State further argued that the incident in which Braun allegedly grabbed the steering wheel of his father's vehicle was inadmissible propensity evidence.

¶ 12. The circuit court denied Muckerheide's motion, holding that the testimony of Braun's father was inadmissible propensity evidence under Wis. Stat. § 904.04(2), offered solely for the purpose of proving that Braun had a tendency to grab steering wheels, and that he had acted in conformity therewith when Muckerheide's vehicle crashed.

¶ 13. At trial, Muckerheide testified that Braun grabbed the steering wheel just prior to the crash. Muckerheide stated that he was trying to steer the vehicle to counteract Braun's pulling on the wheel, when the vehicle struck the construction trailer. According to Muckerheide's testimony, only two or three seconds passed between the time when Braun grabbed the steering wheel and when the impact with the construction trailer occurred.

¶ 14. The circuit court instructed the jury on Muckerheide's intervening cause defense under Wis. Stat. § 940.09(2), as Muckerheide requested. The jury found Muckerheide guilty, and the circuit court sentenced Muckerheide to eight years of initial confinement, followed by twelve years of extended supervision.

Muckerheide appealed, arguing that the circuit court erred in its decision to deny the admission of the testimony of Braun's father.

¶ 15. The court of appeals rejected Muckerheide's argument and affirmed the decision of the circuit court. The court of appeals stated that the admission of evidence is a matter within the sound discretion of a circuit court. The court of appeals further stated that, in order for other acts evidence to be admissible, it must be probative of some proposition other than the proposition that, because the person did prior act X, he or she is of such a character to have committed present act Y. *State v. Johnson,* 184 Wis. 2d 324, 336–37, 516 N.W.2d 463 (Ct. App. 1994). The court noted that other acts evidence must be evaluated for relevancy, and a relevancy determination requires an assessment of probative value. *State v. Gray,* 225 Wis. 2d 39, 49, 590 N.W.2d 918 (1999); *Sullivan,* 216 Wis. 2d at 786. The court of appeals, relying on *Sullivan,* 216 Wis. 2d at 787, stated that the greater the similarity, complexity, and distinctiveness of the two events, the stronger is the case for admissibility of other acts evidence. The court did not apply a Washington case, *State v. Young,* 739 P.2d 1170 (Wash. Ct. App. 1987), as requested by Muckerheide, and instead stated that the court was following Wisconsin law.

¶ 16. Although Muckerheide argued that Braun's testimony was offered to show identity, control, absence of mistake, and modus operandi, the court of appeals concluded that Braun's testimony was inadmissible propensity evidence. The court of appeals also concluded that there were sufficient dissimilarities between the prior occasion on which Braun allegedly grabbed the steering wheel, and the occasion of the accident involving Muckerheide, to undercut the rel-

evance of the offered testimony of Braun's father. Muckerheide then filed a petition for review with this court, which we granted.

## II

¶ 17. In reviewing a court's decision to admit or exclude other acts evidence, the applicable standard is whether the court exercised appropriate discretion. *Sullivan,* 216 Wis. 2d at 780. As with other discretionary determinations, this court will uphold the decision of the circuit court to admit or exclude evidence, if the circuit court examined the relevant facts, applied a proper legal standard, and reached a reasonable conclusion using a demonstrated rational process. *Martindale v. Ripp,* 2001 WI 113, ¶ 28, 246 Wis. 2d 67, 629 N.W.2d 698.

¶ 18. We determine as a matter of constitutional fact whether the exclusion of evidence offered by a defendant violated the constitutional right to present a defense. *State v. St. George,* 2002 WI 50, ¶¶ 16, 49, 252 Wis. 2d 499, 643 N.W.2d 777. The review of questions of constitutional fact on the basis of established facts is de novo, but with this court benefiting from the analyses of the circuit court and the court of appeals. *State v. Turner,* 136 Wis. 2d 333, 344, 401 N.W.2d 827 (1987).

## III

¶ 19. The admissibility of other acts evidence is governed by Wis. Stat. §§ 904.04(2), 904.03, and 904.01. Section 904.04(2) provides in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This

subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[4]

Section 904.03 provides in relevant part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Section 904.01 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

■

¶ 20. Both Muckerheide and the State agree that the three-part analytical framework that this court applied in *Sullivan*, 216 Wis. 2d at 771–72, is the proper framework for determining the admissibility of other acts evidence. This court stated in *Sullivan* that a court must first determine whether the other acts evidence is offered for an acceptable purpose under Wis. Stat. § 904.04(2). Second, a court must determine whether the other acts evidence is relevant under Wis. Stat. § 904.01. *Sullivan*, 216 Wis. 2d at 772. Third, a court must determine whether the probative value of the other acts evidence is substantially outweighed by the

----

[4] *See State v. Shillcutt*, 116 Wis. 2d 227, 236, 341 N.W.2d 716 (Ct. App. 1983), where it was held that the listing of circumstances under sec. 904.04(2) . . . is not exclusionary but, rather, illustrative. (Citation omitted.) *See also J.W. v. B.B.*, 2005 WI App 125, ¶ 22, 284 Wis. 2d 493, 700 N.W.2d 277.

danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. *Id.;* Wis. Stat. § 904.03.

¶ 21. We agree with the parties in the present case that the three-part analytical framework used in *Sullivan,* 216 Wis. 2d at 771–72, is the proper test for determining the admissibility of the other acts evidence at issue here. The parties disagree, however, as to how the *Sullivan* framework applies in this case.

¶ 22. Under the first step of the *Sullivan* framework, Muckerheide argues that the testimony of Braun's father was offered for the purpose of providing a complete story or context to give a full presentation of the case. *State v. Hereford,* 195 Wis. 2d 1054, 1068, 537 N.W.2d 62 (Ct. App. 1995); *State v. Bergeron,* 162 Wis. 2d 521, 531, 470 N.W.2d 322 (Ct. App. 1991). Muckerheide asserts that the testimony of Braun's father was offered to show proof of the identity of the person who was responsible for the accident, proof that Braun was in control of the car when the accident occurred, that Braun's intentional interference caused the accident, that the accident would have occurred regardless of Muckerheide's intoxication, and proof of Braun's plan or modus operandi.

¶ 23. In its brief, the State agrees with Muckerheide that, in a homicide prosecution under Wis. Stat. § 940.09, where the statutory defense set forth in § 940.09(2)(a) is raised, evidence offered to show how the fatal accident occurred is permissible under Wis. Stat. § 904.04(2). We agree with the parties that a permissible purpose is to provide a " 'full presentation' " of the case. *State v. Shillcutt,* 116 Wis. 2d 227, 236, 341 N.W.2d 716 (Ct. App. 1983)(quoting *U.S. v. Masters,*

622 F.2d 83, 86 (4th Cir. 1980) (footnote omitted)). *See also Hereford*, 195 Wis. 2d at 1069 ("Testimony of other acts for the purpose of providing the background . . . is not prohibited by § 904.04(2), Stats."). However, the State asserts that Muckerheide's attempt to offer testimony of Braun's prior acts for the purpose of showing modus operandi and for a full presentation of the story is repetitive, and simply a way of rephrasing the purpose of showing how the accident occurred. The State asserted at oral argument that identity is not the issue in this case; rather, the issue is how the accident was caused.[5]

¶ 24. We conclude that Muckerheide's other acts evidence was properly excluded. The testimony of Braun's father would have been admissible for the purpose of showing how the accident occurred, but it lacked relevance.

¶ 25. Muckerheide's offered other acts testimony fails to satisfy the second step of the *Sullivan* analytical framework, relevancy. Muckerheide contends that the prior act of Braun allegedly grabbing the steering wheel is relevant to the issue of who, in fact, was operating Muckerheide's vehicle at the time at issue and, thus, caused the accident. He argues that the incident in which Braun allegedly grabbed the steering wheel of his father's car, and the facts of the accident here were similar. Muckerheide argues that the testimony from Braun's father and Muckerheide's testimony about the accident both tend to show that Braun was a nervous passenger, that he would warn the driver when he

[5] In *State v. Young*, 739 P.2d 1170 (Wash. Ct. App. 1987), the Washington appellate court held that testimony from three witnesses, stating that the victim of a fatal accident had grabbed the steering wheel as a passenger on four prior occasions, was admissible to prove identity, control of the vehicle by the victim, and proximate cause of the accident.

perceived a traffic hazard, and that he would grab the steering wheel.

¶ 26. The State argues that Braun's prior alleged acts of gesturing toward and, on one occasion, grabbing the steering wheel, were not similar to the situation in which Braun allegedly grabbed the steering wheel of Muckerheide's vehicle. The State contends that Braun's motive or intent for allegedly grabbing the steering wheel was not relevant, and that the offered testimony of Braun's father was nothing but impermissible propensity evidence.

¶ 27. We agree with the State that the other acts evidence offered by Muckerheide was not relevant. Under *Sullivan,* 216 Wis. 2d at 785, relevance has two facets. The first consideration is whether the other acts evidence relates to a fact or proposition that is of consequence to the determination of the action. *Id.* The second consideration is whether the other acts evidence has a tendency to make a consequential fact more probable or less probable. *Id.* at 786. Similarity between the prior events and the event in question relates to this second consideration. In *Sullivan,* we stated, "The greater the similarity, complexity and distinctiveness of the events, the stronger is the case for admission of other acts evidence." *Id.* at 787 (footnote omitted).

¶ 28. As the State pointed out in its brief, the one occasion on which Braun allegedly grabbed the wheel of his father's vehicle was dissimilar in several respects to the occasion in which Braun allegedly grabbed the wheel of Muckerheide's vehicle. There was no evidence that, on the prior occasion, Braun had been intoxicated or under the influence of drugs, but there was evidence that Braun had been drinking and doing cocaine prior to the accident in Muckerheide's vehicle. There is no

dispute that an individual often acts differently when he/she is under the influence of drugs and alcohol. Additionally, Braun's father would have testified that Braun had gestured toward the steering wheel on several occasions, whereas Muckerheide never asserted that Braun had made gestures toward the steering wheel in Muckerheide's vehicle prior to the accident. Finally, there is no evidence that Braun had ever grabbed the steering wheel when riding with Muckerheide on occasions prior to the accident, as Braun had allegedly done when riding with his father.

¶ 29. Due to these dissimilarities, we conclude that Muckerheide's offered other acts evidence does not make a consequential fact more probable or less probable. *Id.* at 785–86. As this court stated in *Whitty v. State,* 34 Wis. 2d 278, 291–92, 149 N.W.2d 557 (1967), our seminal case regarding other acts evidence, it is universally established that evidence of other acts "is not admitted in evidence for the purpose of proving general character, criminal propensity or general disposition on the issue of guilt or innocence because such evidence, while having probative value, is not legally or logically relevant to the crime charged."

¶ 30. Muckerheide argues in his brief that the third step of the *Sullivan* analytical framework should not be applied in cases where the other acts evidence is offered by a defendant in a criminal case. The State argues that the third step of the *Sullivan* analysis does apply to this case. In support of its argument, the State cites *State v. Scheidell,* 227 Wis. 2d 285, 303–04, 310–11, 595 N.W.2d 661 (1999), wherein this court held that, though the offered evidence was not relevant, and therefore that the third step—the prejudice prong—need not be addressed, we then proceeded to conclude

that the balancing of Wis. Stat. § 904.03 considerations must occur.

¶ 31. In *Scheidell*, the defendant sought to introduce other acts evidence concerning an unknown third party, to raise doubt as to the identity of the individual who committed the charged crime. *Scheidell*, 227 Wis. 2d at 298. The defendant argued that this court should adopt a less stringent standard for other acts evidence which is offered by the defense to show mistaken identity. *Id.* This court stated, "We recognize that the standards of relevancy are stricter when the state seeks to introduce other crimes evidence to prove identity because 'the prejudice [resulting from such evidence] is apt to be relatively greater than the probative value.' " *Id.* at 304 (citing *Whitty*, 34 Wis. 2d at 294). However, we concluded that, when a defendant offers other acts evidence which is relevant, as Muckerheide argues here, the court may exclude such relevant evidence under the *Whitty/Sullivan* approach, if its probative value is substantially outweighed by the dangers set forth in Wis. Stat. § 904.03. *Id.* at 310–11.

¶ 32. The third step of the *Sullivan* analytical framework requires a court to weigh the probative value of the other acts evidence to determine if it is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Wis. Stat. § 904.03; *Sullivan*, 216 Wis. 2d at 789. *See also Scheidell*, 227 Wis. 2d at 310–11 (holding that the probity of the evidence must be balanced against the considerations contained in § 904.03). Since we hold that the other acts evidence offered by Muckerheide was not relevant, we need not address the prejudice prong of the *Whitty/Sullivan* test. *Id.* at 310. *See also*

*Sullivan,* 216 Wis. 2d at 789. We would, however, urge circuit courts to discuss and analyze all three steps of the *Sullivan* analytical framework.

¶ 33. Offered evidence runs the risk of unfair prejudice when it has a tendency to influence the outcome by improper means or if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise causes a jury to base its decision on something other than the established propositions in the case. *Sullivan,* 216 Wis. 2d at 790.

¶ 34. Under the *Sullivan* analytical framework, we conclude that the circuit court properly exercised its discretion when it excluded the other acts evidence offered by Muckerheide because the evidence was inadmissible, since it lacked relevance. Because we conclude that the evidence was properly excluded, we need not undertake a harmless error analysis. *State v. Volk,* 2002 WI App 274, ¶ 25 n.4, 258 Wis. 2d 584, 654 N.W.2d 24.

IV

¶ 35. We turn now to the question of whether the court of appeals erred when it decided not to apply case law from another jurisdiction, the State of Washington. We hold that it did not.

¶ 36. Muckerheide argues that the circuit court and the court of appeals erred by not applying *Young,* 739 P.2d 1170, a Washington appellate decision with facts similar to those in Muckerheide's case. Muckerheide argues that, when Wisconsin law is unclear, Wisconsin courts should consider the case law of other jurisdictions. Muckerheide contends that Wisconsin law is unclear on the issue of the admissibility of other acts evidence, when the prior act involves grabbing a steering wheel.

571

¶ 37. The State asserts that, although case law from other jurisdictions may be persuasive or instructive, Wisconsin courts are not bound to follow such case law. *Beecher,* 264 Wis. 2d 394, ¶ 13 n.13; *State v. Abramoff,* 114 Wis. 2d 206, 210, 338 N.W.2d 502 (Ct. App. 1983).

¶ 38. We agree with the State's assertion that cases from other jurisdictions are not binding on Wisconsin courts. *State ex rel. E.R. v. Flynn,* 88 Wis. 2d 37, 46, 276 N.W.2d 313 (Ct. App. 1979). We recognize that such case law is oftentimes helpful, and may be persuasive, but we hold that the circuit court and court of appeals did not err in deciding not to follow the decision in *State v. Young,* 739 P.2d 1170, since they were not required to do so, and did not find the reasoning persuasive.

## V

¶ 39. Muckerheide also argued in his brief that his constitutional right to present a defense was hindered when the circuit court excluded the testimony of Braun's father, because there was no other corroborating evidence to bolster Muckerheide's testimony alleging that Braun grabbed the steering wheel and caused the accident.[6] The State contends that the right to present a defense is not absolute, and that a defendant must comply with the established rules of procedure and evidence. *Scheidell,* 227 Wis. 2d at 293–94; *U.S. v. Scheffer,* 523 U.S. 303, 307–08 (1998).

---

[6] At oral argument, Muckerheide's counsel stated that Muckerheide was not going to pursue the claim that he was denied a constitutional right to present a defense. The constitutional issue was raised in Muckerheide's brief, however, and we therefore address it here, in order to set forth the significant cases bearing on such an important claim, in light of the vigorous argument in Muckerheide's brief.

¶ 40. We agree with the State's position, and conclude that there was no violation of Muckerheide's constitutional right to present a defense. As the United States Supreme Court stated in *Taylor v. Illinois,* 484 U.S. 400, 410 (1988), "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence." When evidence is irrelevant or not offered for a proper purpose, the exclusion of that evidence does not violate a defendant's constitutional right to present a defense. *State v. Walker,* 154 Wis. 2d 158, 192, 453 N.W.2d 127 (1990).

¶ 41. There is no abridgement on the accused's right to present a defense, so long as the rules of evidence used to exclude the evidence offered are not arbitrary or disproportionate to the purposes for which they are designed. *St. George,* 252 Wis. 2d 499, ¶ 52. The exclusion of Muckerheide's evidence was not arbitrary or disproportionate. The circuit court properly excluded the other acts evidence offered by Muckerheide because it was deemed to be impermissible character or propensity evidence barred by Wis. Stat. § 904.04.

¶ 42. Moreover, Muckerheide had the opportunity to present his defense. The jury heard a full presentation of all the facts surrounding the fatal accident from Muckerheide's perspective, including Muckerheide's testimony that the accident occurred because Braun grabbed the steering wheel. The only evidence the jury did not hear was the minimally probative evidence that, on prior occasions with a different driver, under different circumstances, Braun had gestured toward or grabbed the steering wheel. In addition, the circuit court instructed the jury on Muckerheide's defense under Wis.

Stat. § 940.09(2)(a), as requested by Muckerheide, and asked the jury to consider the question of whether Braun's death would have occurred even if Muckerheide had been exercising due care and had not been under the influence of an intoxicant.

¶ 43. Considering the fact that Muckerheide testified about Braun allegedly grabbing the wheel, and the fact that the jury was instructed on Muckerheide's defense, we are satisfied that Muckerheide's constitutional right to present a defense was not violated, especially since the testimony was inadmissible under standard rules of evidence.

## VI. CONCLUSION

¶ 44. We hold that the court of appeals was not in error in affirming the circuit court's decision not to admit the testimony of Braun's father offered by Muckerheide. We hold that said testimony was inadmissible. Muckerheide's argument was to the effect that, since Braun allegedly had grabbed the steering wheel on one occasion in his father's vehicle, he must have grabbed the steering wheel from Muckerheide on the occasion of the accident. Such testimony is prohibited under Wis. Stat. § 904.04(2).

¶ 45. Under the analytical framework set forth in *Sullivan*, 216 Wis. 2d at 771–72, such other acts evidence was inadmissible, since it lacked relevance. The court of appeals therefore properly upheld the circuit court's decision to bar the admission of the other acts evidence from Braun's father, although the court allowed testimony from Muckerheide himself that Braun had grabbed the steering wheel and, thus, caused the accident.

¶ 46. We further hold that the court of appeals did not err when it decided not to apply case law from another jurisdiction, the State of Washington. Although

a Wisconsin court may consider case law from other jurisdictions, such case law obviously is not binding precedent in Wisconsin, and a Wisconsin court is not required to follow it. *Beecher,* 264 Wis. 2d 394, ¶ 16 n.3.

¶ 47. Finally, we hold that Muckerheide's constitutional right to present a defense was not violated by the exclusion of the testimony from Braun's father. For these reasons, the decision of the court of appeals is affirmed.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 48. SHIRLEY S. ABRAHAMSON, C.J. (*concurring*). I apply the *Sullivan* test differently than the majority opinion but reach the same result.

¶ 49. Under the first prong of *State v. Sullivan,* 216 Wis. 2d 768, 576 N.W.2d 30 (1998), the proponent of the other acts evidence must clearly articulate the legitimate purpose or purposes for which the proffered evidence is offered under Wis. Stat. § 904.04(2) and must demonstrate that the proffered evidence goes to prove the purpose for which it is offered. In other words, the proponent must show (and a court must conclude) that the other acts evidence tends to prove the legitimate purpose for which it is offered and does not merely show the character of the actor and that he or she acted in conformity therewith.[1]

¶ 50. A "kitchen sink" litany of legitimate purposes under Wis. Stat. § 904.04(2) without adequate analysis of the purpose and the relation of the proffered evidence to the purpose does not satisfy *Sullivan. Sullivan* mandates a careful statement of a clearly articulated purpose for admission of the proffered other acts evidence and a

---

[1] *State v. Sullivan,* 216 Wis. 2d 768, 576 N.W.2d 30 (1998); Wis JI—Criminal 275.1 Comment: Other Act Evidence (Rel. No. 24–1/90).

statement setting forth how the evidence proves that articulated purpose.[2]

¶ 51. I conclude that the evidence of the other acts of the victim in the present case is not admissible because the proponent has not shown that the evidence falls within any legitimate purpose for admission of other acts evidence.

¶ 52. A legitimate purpose in the present case for the admissibility of the other acts evidence would be to show how the fatal accident occurred, that is, to prove the context of the event. Both parties and the majority opinion, as do I, agree that "context" would be a legitimate purpose in the present case.

¶ 53. Case law and treatises explain that "context" evidence shows the *res gestae* of the crime. The other act is ordinarily close in time to the crime and is integral to the crime such that it is not only helpful in understanding what happened but is necessary to complete the story by filling in otherwise misleading or confusing gaps. In other words, the fact-finder must hear the entire story in order not to be misled.[3]

¶ 54. On analysis, however, it is clear that the other acts evidence proffered in the instant case does

---

[2] *State v. Spraggin,* 77 Wis. 2d 89, 100, 252 N.W.2d 94 (1977).

[3] *State v. Hereford,* 195 Wis. 2d 1054, 1069, 537 N.W.2d 62 (Ct. App. 1995); 7 Daniel D. Blinka, *Wisconsin Practice: Evidence* 161–62 (2d ed. 2001); 2 *McCormick on Evidence* § 190, at 660 (John W. Strong ed., 5th ed. 1999); 3 Clifford S. Fishman, *Jones on Evidence: Civil and Criminal* § 17:9, at 309–10 (7th ed. 1998); 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5239, at 448–449 (1978) (Supp. 2006); 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 404.20[2] (Joseph M. McLaughlin ed., 2d ed. 2006).

not fall within this concept of context evidence. The proffered evidence is not integral to the crime; it does not put the fatal accident in context. The proffered evidence is merely evidence of the character of the victim to show that he acted in conformity therewith.

¶ 55. There probably are Wisconsin cases that do not so limit context evidence. Unfortunately several cases are very lax in enforcing Wis. Stat. § 904.04(2), especially when the State is introducing other acts evidence against a criminal defendant.[4] Nevertheless, I conclude that the proffered evidence does not fall within any legitimate purpose under Wis. Stat. § 904.04(2).

¶ 56. Because the defendant has not met the first *Sullivan* prong I need not go to the second *Sullivan* prong. The second *Sullivan* prong is a determination whether the proffered evidence and the purpose for which it is proffered are relevant to a consequential fact in the case.[5]

¶ 57. For the reasons set forth, I write separately and concur in the mandate.

---

[4] One prominent treatise declares: "There is no question of evidence more frequently litigated in the appellate courts than the admissibility of evidence of other crimes, wrongs, or acts. Yet despite the recurrence of the issues, the opinions are often poorly reasoned and provide little guidance to trial judges. Even at the theoretical level, the literature is spotty and inconsistent in analysis." 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5239, at 427 (1978) (footnotes omitted).

[5] *Sullivan,* 216 Wis. 2d at 785–86; Wis JI—Criminal 275.1 Comment: Other Act Evidence (Rel. No. 24–1/90).