PER CURIAM.
¶1 Hawke M. Strickland appeals a judgment convicting him of first-degree reckless homicide with use of a dangerous weapon. He also appeals an order denying his postconviction motion without a hearing. Strickland argues that: (1) he received ineffective assistance of trial counsel because his lawyer failed to present expert witness testimony regarding the unreliability of eyewitness identification; and (2) Jamal Williams's testimony should have been excluded from trial because Williams was not sufficiently certain of his identification of Strickland. We resolve these issues against Strickland. Therefore, we affirm.
¶2 This case arises from a homicide that occurred on August 28, 2014. Two men encountered the victim on the street. They shot the victim and ran away. The central issue at trial was the identity of the two men. Strickland's defense was that he was not involved in the shooting and the witnesses who identified him were mistaken or lying. The jury convicted Strickland of first-degree reckless homicide with use of a dangerous weapon.
¶3 To prove a claim of ineffective assistance of counsel, a defendant must show that his or her lawyer performed deficiently and that this deficient performance was prejudicial. See Strickland v. Washington , 466 U.S. 668, 687 (1984). The test for deficient performance is whether counsel's representation fell below objective standards of reasonableness. State v. Carter , 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695. To show prejudice, "the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Id. , ¶37 (citation omitted). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. Strickland , 466 U.S. at 697. "A motion claiming ineffective assistance of counsel does not automatically trigger a right to a [postconviction] testimonial hearing." State v. Phillips , 2009 WI App 179, ¶17, 322 Wis. 2d 576, 778 N.W.2d 157. "[N]o hearing is required if the defendant fails to allege sufficient facts in his or her motion, if the defendant presents only conclusory allegations or subjective opinions, or if the record conclusively demonstrates that he or she is not entitled to relief." Id.
¶4 Strickland contends that his trial counsel provided him with constitutionally ineffective assistance because he failed to call an expert witness to challenge the reliability of State witness Rosie Lopez's testimony identifying Strickland. To support his claim, Strickland submitted a report from Dr. Lawrence T. White, a professor from Beloit College, which addressed variables that, according to academic studies, are associated in a statistical sense with the reliability of eyewitness identification. Applying these variables to this case, White identified factors that may have made Lopez's testimony less reliable: the fact that Lopez was not the same race as Strickland; the fact that it was dusk when the identification occurred so the lighting was not optimal; the fact that Strickland was a stranger to Lopez; and the fact that Lopez identified Strickland several weeks after the shooting. White also listed factors pertaining to Lopez's testimony that are statistically associated with more reliable identifications: the fact that Lopez was in close proximity to Strickland when she saw him; the fact that she was not directly involved in the altercation and thus was not under stress; and the fact that Strickland was not wearing a disguise.
¶5 Even if an expert witness had explained to the jury the factors associated with the reliability of eyewitness testimony, and the jury had accorded Lopez's testimony less weight as a result, there is no reasonable probability that the jury would have reached a different verdict. The information in White's report both undermines and bolsters Lopez's testimony. Assuming that, on balance, the jury would have viewed Lopez's testimony more skeptically, there were multiple other witnesses who, to varying degrees of certainty, identified Strickland and testified about aspects of the crime that, considered together, paint a compelling picture of Strickland's guilt. In addition to Lopez, Strickland was identified by Jamal Williams, Aholibama Martinez, Eli Hernandez, Madai Hernandez, and David Colon. Therefore, we conclude that Strickland's claim of ineffective assistance of trial counsel is unavailing because Strickland cannot show that he was prejudiced. See Strickland , 466 U.S. at 697 (a reviewing court may dispose of a claim of ineffective assistance of counsel based on either prong of the ineffectiveness test).
¶6 Strickland next argues that the identification testimony of State witness Jamal Williams should have been excluded from trial because Williams told the police he was only seventy percent certain that Strickland was the person he saw running from the scene of the shooting. Strickland argued that the probative value of Williams's testimony was substantially outweighed by its prejudicial effect. See WIS. STAT. § 904.03 (2017-18).[1]
¶7 Circuit courts have the authority and the responsibility to keep evidence from the jury in certain circumstances. State v. Hibl , 2006 WI 52, ¶50, 290 Wis. 2d 595, 714 N.W.2d 194. Some admissibility rules are based on constitutional concerns and some rules are grounded in the common law or on statutes. Id. Strickland's challenge is based on the Wisconsin statutes, which provide that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. See WIS. STAT. § 904.03. In the context of the reliability of eyewitness identification evidence, "unfair prejudice could be the consequence of extreme unreliability." Hibl , 290 Wis. 2d 595, ¶51. Evidentiary rulings are committed to the circuit court's discretion. See State v. Muckerheide , 2007 WI 5, ¶17, 298 Wis. 2d 553, 725 N.W.2d 930. We will uphold the circuit court's exercise of discretion if it "examine[s] the relevant facts, applie[s] a proper legal standard, and reache[s] a reasonable conclusion using a demonstrated rational process." Id.
¶8 The circuit court ruled that Williams's testimony was admissible because it was not unduly prejudicial-that is, not extremely unreliable-and thus Williams's lack of absolute certainty was a matter for the jury to weigh in assessing his testimony. Williams said that he was seventy percent certain that Strickland was the person he saw running away after the shooting. As a matter of common sense, an identification made with seventy percent certainty is not extremely unreliable. The circuit court reasonably concluded that the weight to be given to the witness's testimony was thus a matter for the jury to decide. The circuit court did not misuse its discretion in admitting the evidence.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.